Smith, Admr., v. Williams.

(Decided December 10, 1935.)

*Mr. Emory F. Smith* and *Messrs. Blair & Blair,* for plaintiff in error.

*Messrs. Miller, Searl & Fitch,* for defendant in error.

Blosser, J. This case originated in the Court of Common Pleas of Scioto county, where the plaintiff in error, Emory F. Smith, administrator, was plaintiff, and defendant in error, David C. Williams, was defendant. The action was one for damages for wrongful death of the plaintiff's decedent, who was fatally injured while riding as a guest in the automobile of the defendant. The second amended petition upon which the case was tried alleged among other things:

"On the sixth day of April, 1934, at about the hour of ten o'clock, P. M., plaintiff's decedent was being transported, not for payment, in an automobile then being driven and operated in Ross County, Ohio, by the defendant, David C. Williams, through his agent and servant, Otto Lauffer, in a southerly direction from Chillicothe, Ohio, towards Portsmouth, Ohio, over and along a public highway known as Scioto Trail.

"When said automobile had reached a point on said highway near where the same is crossed by the divid-

ing line between the counties of Ross and Pike, in said state, the said defendant acting by his agent and servant wrongfully and by wanton misconduct toward plaintiff's decedent so drove said automobile as to cause the same to be thrown from said highway into and against a pole or poles, whereby plaintiff's decedent received bodily injuries from which he died on the seventh day of April, 1934.''

The answer of the defendant among other things admitted the operation of the automobile by Otto Lauffer along the Scioto Trail, and stated that ''when at the south end of the village of Alma, in going around a turn in the road on the inside of said turn, the left wheel of plaintiff's automobile ran through some loose sand on the east berm of said highway, which pulled the automobile to the left or at least against a mail box in the left or east side of said road, causing said machine to become out of control of the driver and to cross said highway to the west side thereof and strike a pole or poles, causing injuries to and the death of plaintiff's decedent.''

After hearing the evidence the court among other things charged the jury as follows:

''But on the other hand, if you find that the driver of said automobile at the time and place in question * * * was not guilty of any wanton misconduct in the operation of the automobile which was the proximate cause of the death of decedent * * * then your finding and verdict must be for the defendant. * * * It is not a question in this case whether or not the driver of the car, even if you should find from the evidence that he was at the time the agent of the defendant, was negligent and careless in and about the driving of the automobile.

''I charge you that under the laws of Ohio the deceased was a passenger in the automobile and was not paying any fare for his transportation and is what the law knows as a guest.

"It is the law of this state that the recovery of damages by a guest if injured, or by the personal representative of a guest who is killed, as in this case, can not be had unless it resulted from wilful or wanton misconduct of the driver of the automobile."

The court gave this charge to the jury by reason of the provisions of Section 6308-6, General Code, which read as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

The jury returned a verdict for the defendant and judgment was entered thereon.

The plaintiff seeks a reversal of the judgment principally on the ground of error in the charge of the court. He says that the provisions of the section of the code just quoted deny, abridge, frustrate, define, take away and disappoint the purpose of the express and implied provisions of Section 19a, Article I, of the bill of rights of the Constitution of Ohio; that the section of the code is unconstitutional for the reason that it violates this section of the constitution, which provides as follows:

"The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law."

Counsel for the plaintiff assert that the right of the plaintiff to recover in the instant case does not depend on statute, but upon an implied grant by the provisions of Section 19a, Article I, of the Constitution; that if this section of the Constitution does not expressly

grant, it impliedly includes, the right to recover damages by civil action for death caused by the negligent act of others; that constitutional rights and powers are not limited to those expressly granted, but are often conferred by implication; that if the provisions of Section 6308-6, General Code, are constitutional and valid, it must follow that it is in the power of the legislature by repeal of all the statutes providing for recovery of damages for death caused by the wrongful act, neglect, or default of others to prevent any recovery therefor, and that under this construction this provision of the constitution would be subject to the legislative will.

Counsel for plaintiff are in error in assuming that the section of the Constitution of Ohio quoted gives rise to a civil action for damages for wrongful death. The common law knew no civil action for damages for wrongful death. In England the right did not exist until the passage of an act of Parliament known as Lord Campbell's Act. This act provides that an action may be maintained whenever death is caused by a wrongful act, neglect or default which would have entitled the person injured to maintain an action if death had not ensued; that such action is for the benefit of designated persons, members of deceased's family or next of kin, although it is to be brought in the name of the executor or administrator of the person for whose death it is brought. 17 Corpus Juris, 1184.

Similar statutes have been enacted in practically all of the states in the United States. In Ohio this right was created by statute in 1851 (49 Ohio Laws, 117). This act limited the amount of recovery to the sum of five thousand dollars; and again in 1910, limiting the amount of recovery in certain cases to twelve thousand dollars (101 Ohio Laws, 195). The act was amended in 1872 (69 Ohio Laws, 22), and again in 1880 (77 Ohio Laws, 207), limiting the amount of recovery to ten thousand dollars. This was the law of Ohio at the time of the adoption of Section 19a, Article I, of the Ohio

Constitution in 1912. It will thus be seen that this section of the constitution is directed to the "amount of damages" solely, not being limited by any other proposition. This has been expressly held by the Supreme Court of Ohio in the case of *Kennedy, Admr.*, v. *Byers*, 107 Ohio St., 90, 140 N. E., 630. At page 96 of the opinion it is stated:

"Section 19*a*, Article I of the Constitution of Ohio of 1912, which provided that 'The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law,' effected a repeal of the statutory limitation in question here, so that the elements other than pecuniary loss may now enter into the consideration of the amount to be awarded beneficiaries in whose behalf such suit may be brought. Originally the statutes to which we have referred, in addition to limiting the recovery to pecuniary loss, also placed a specific limitation as to the amount of recovery, and it was clearly to this last limitation only that the constitutional amendment was directed, for the limitation removed and prohibited is only as to the '*amount* of damages recoverable.' "

This opinion of the Supreme Court also refers to cases decided by the New York Supreme Court, Appellate Division, in which state there is a similar provision.

Section 6308-6, General Code, does not limit the amount of recovery, and therefore is not repugnant to Section 19*a*, Article I, of the Constitution. This statute gives the guest the same remedy as a trespasser—that is a remedy where the injuries or death are caused by the wilful or wanton misconduct of the operator of an automobile.

Counsel for the plaintiff also assert that the section of the code in question violates the Fourteenth Amendment of the Constitution of the United States. The provision of the code in question is uniform in its operation, affects all persons coming within the class

named, and does not violate this provision of the Constitution of the United States. A similar statute was before the Supreme Court of Connecticut in the case of *Silver* v. *Silver,* 108 Conn., 371, 143 A., 240. That court upheld the constitutionality of the act. On appeal to the Supreme Court of the United States that court unanimously upheld the constitutionality of the Connecticut act. 280 U. S., 117, 74 L. Ed., 221, 50 S. Ct., 57.

It follows that the trial court correctly charged the jury in respect to the matters complained of.

We find no prejudicial error in the record, and the judgment is affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., and McCURDY, J., concur.