## KIRK v BIRKENBACH

Ohio Appeals, 2nd Dist, Franklin Co

No 2681.   Decided Jan 5, 1937

Alex S. Dombey, Columbus, for plaintiff and appellant.

Arnold, Wright, Purpus & Harlor, Columbus, for defendant and appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio. The notice of appeal was filed April 13, 1936, and is incorrectly designated as an appeal on question of law and fact, whereas it should be, and in fact was intended as an appeal on question of law.

Following the provisions of §12223-22, GC, sub-section 2, we determine that the cause may not be retried as an appeal on questions of law and fact, but will hold the cause for hearing on appeal on questions of law.

The bill of exceptions, assignments of error and briefs having been filed within the time prescribed under the code and the rules of court, it is unnecessary to fix the time for such filing as prescribed under §11564, GC.

The cause was tried on plaintiff's second amended petition, defendant's amended answer and the evidence. At the close of the plaintiff's case, counsel for defendant interposed a motion for a directed verdict, which was overruled and was again renewed at the close of all the evidence and then sustained, to which order plaintiff excepted.

Motion for new trial was filed within the statutory period; upon hearing same was overruled and judgment entered on the directed verdict.

Plaintiff's claimed cause of action was predicated upon personal injuries alleged to have been sustained on the morning of October 14, 1934, at about four o'clock A. M., while she was a guest and passenger in defendant's automobile. The injuries were inflicted by reason of the automobile running into and against a cement pillar, located approximately in the center of Dennison Avenue as a support to an overhead railroad crossing. The second amended petition further alleges that the accident and injuries were proximately caused through the wilful and wanton negligence of the defendant in the following respects:

"1. That at the time of the accident the defendant was under the influence of alcoholic spirits and drove his car so recklessly and negligently as to lose complete control thereof, driving it into said cement pillar.

"2. That the defendant, because of his intoxicated condition as aforesaid, operated his motor vehicle with such indifference as to its presence as to heedlessly cause his said motor vehicle to run into and against the said cement pillar."

The liability is claimed to inure under and by virtue of §6308-6 GC, as enacted March 14, 1933. The section quoted in its entirety reads as follows:

"Sec 6308-6 GC . Liability of owners and operators of motor vehicles to guests. The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

The following is a brief summary of facts as diclosed from the pleadings and the evidence:

On the evening of October 14, 1934, about the hour of 8:30 P. M., the plaintiff, as a guest, accompanied the defendant in his automobile to the home of some friends, where a cocktail party was put on preliminary to the entire party going to a dance at the Scioto Country Club, located in Upper Arlington, Franklin County, Ohio. The defendant had four or five drinks at the home of their host before going to the dance. The dancing party continued at the Scioto Country Club until about three A. M. During this time the defendant, according to his own statement, took a drink about every twenty or twenty-five minutes.

The record is silent as to the kind or nature of the liquor served or the quantity in any of the separate drinks. There was evidence presented to the fact that the defendant was intoxicated and staggering.

At about three o'clock in the morning, the party returned to the home of the host and after arriving there defendant located a bed room and went to sleep on the bed therein. After a time plaintiff missed the defendant and after locating him in the bed room, aroused him from his slumber and advised him that the hostess was making arrangements to provide and serve some food. In addition to the plaintiff and defendant there were several other couples at this home.

Defendant demurred to remaining at the home for food and suggested that they drive down town to a restaurant, to which suggestion plaintiff acceded. They immediately went out to defendant's automobile and started to drive in the general direction of the business center of Columbus. Their course took them over several different streets, making several turns, driving at a speed of approximately twenty-five miles per hour, when they finally turned on to Dennison Avenue at a point approximately a square and a half from the scene of the accident.

Plaintiff testifies that she was not aware of the defendant's intoxication, nor did she observe anything wrong in his manner or method of the operation of the car. After turning on Dennison Avenue, they proceeded at a moderate rate of speed and on defendant's own right side of the street. The street was well lighted. The abutment, located in the center of Dennison Avenue as a support to the overhead railroad crossing, had a concrete base about three feet square, and the support above the concrete base was of a substantial size, but not as large as the base. The abutment had thereon a red reflector, such as are commonly used to show obstructions and show a distinct red light at night by reason of the lights from automobiles throwing their rays upon this reflector. In size it was about 8 inches by 8 inches, and was located as a warning to traffic proceeding in the direction in which the defendant was driving. At the time of and immediately preceding the accident, the street was free from traffic. There was nothing ahead of defendant as he was driving down Dennison Avenue to obstruct his view or prevent him from seeing the abutment or the safety sign thereon.

Defendant says that he did not see the abutment until he was so close to it that he could not avoid hitting it. At this same instant he exclaimed "look out!" and then almost instantly followed the crash through which plaintiff sustained injuries.

Defendant testified, both in direct and cross-examination, that he was unable to give any reason why he did not see the abutment before crashing into it.

Plaintiff, in her testimony, says that on the following day defendant came to see her and she asked him at that time how he could account for the accident, to which he replied, quoting literally: "He said to me he had too many drinks; in fact, he didn't remember clearly about the evening but he remembered his eyes opened, he must have drowsed because his eyes opened, and at the same minute he said "look out" there was the abutment. That is just what he said to me."

There is appended to the transcript of docket and journal entries a transcribed copy of the trial court's oral opinion sustaining the motion for a directed verdict. This gives us a very clear understanding as to the reason prompting the action. In the main it was the determination of the trial judge that the case of **Reserve Trucking Company v Fairchild, 128 Oh St, 518,** at page 531, was determinative and denied the right of plaintiff to recover. The particular language to which the court refers at page 531, is the following:

"One is guilty of wanton negligence who fails to exercise any care for the safety of those to whom a duty of care is owing when he has actual knowledge of impending harm which such care might avert."

From the above quoted portion of the opinion the trial court made application in the instant case and pointed out that the defendant did not have actual knowledge of the impending danger until very close to the abutment and immediately upon observing the abutment, he gave the warning "look out," and did everything he could to avoid the collision.

Giving this obiter in the opinion a literal meaning, it is unquestionably true that the evidence does not disclose that the defendant saw the abutment until very close to it, and further, that following his discovery of this impending danger he did do everything possible to avoid the collision. He made the discovery too late and thereafter the utmost care could not have prevented it.

It will be observed that this quoted obit-

er does not appear in the syllabus in this exact language. The nearest approach to it is the second syllabus, which reads as follows:

"2. The term 'wanton negligence' implies the failure to exercise any care for the safety of those to whom a duty of care is owing when the wrongdoer has knowledge of the great probability of harm to such persons which the exercise of care might avert and exhibits a reckless disregard of consequences. (Paragraph three of the syllabus of **Higbee Co. v Jackson, 101 Oh St, 75,** approved)."

We must approach the determination of this question with the well accepted understanding that the greatest menace on the public highways is the operation of automobiles by intoxicated drivers.

The Supreme Court has stated that an automobile in and of itself is not a dangerous instrumentality, but in the hands of an incompetent driver it is extremely dangerous. It is most important that the operator of an automobile on the public thoroughfares have control of his senses. While not posing as experts upon the amount of liquor any man can carry, we do think that it is a matter of common knowledge that no man could consume approximately twenty drinks of liquor in one evening and not be substantially affected in his senses and faculties. Under the evidence in the instant case we are inclined to the view that it was a jury question as to whether or not the defendant himself was the peril or impending danger. The defendant did have knowledge as to the amount of intoxicating liquor that he was drinking. He so stated in his evidence. He unquestionably knew that following the dance he was intending to drive his automobile to take his guest home. According to the uncontradicted evidence he undertook to drive down to the business section. If the quantity of liquor that he drank made him bleary-eyed, he surely had no business driving an automobile. At least, as we view it, it was for the jury to determine whether or not his condition was the impending danger.

Whether or not the plaintiff herself was guilty of wanton misconduct in subjecting herself to the peril by voluntarily riding in the automobile, is also a jury question. In an action predicated upon wanton and wilful misconduct, the defense of contributory negligence may not be interposed. However, we find authority to the point that wilful misconduct on the part of the plaintiff which is a contributing proximate cause of an injury suffered may be made. Counsel for plaintiff apparently recognize this principle of law and sought to show that she had no knowledge of plaintiff's intoxicated condition. We only refer to this question since the claim might arise that the action of the trial court to instruct a verdict would be justified on the ground of wilful and wanton misconduct on the part of plaintiff in subjecting herself to the peril. However, the trial court in no sense based his conclusion on this principle.

While not free from doubt, we are constrained to the view that the trial court was in error in directing the jury to return a verdict for the defendant. In our judgment the cause should be submitted to a jury under proper instructions.

The judgment of the lower court will be reversed and the cause remanded for a new trial.

Exceptions will be allowed to the defendant.

Costs of the proceedings in this court will follow the judgment.

CRAIG, PJ, and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

Decided Jan 18, 1937

By THE COURT

The above entitled cause is now being determined on application for rehearing. As we read the brief supporting the application we find no new propositions but rather a very able argument as to why the determination should have been otherwise.

We think practically all of the various arguments were present in the minds of the court when the conclusion was arrived at even though not mentioned in the opinion.

The application for rehearing will be overruled. Exceptions may be noted.

CRAIG, PJ, HORNBECK and BARNES, JJ, concur.