## RECTOR, Admrx. v HYER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1703. Decided Dec 22, 1941

Joseph H. Sharts, Dayton; Harold H. Singer, Dayton, for plaintiff-appellant.

452

Thomas, Hyers & Leyland, Dayton, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

Plaintiff's action against the defendant was one for wrongful death, allegedly occurring to plaintiff's decedent, Peggy Alice Waggoner, through defendant's being guilty of wanton misconduct in the operation of an automobile in which the decedent was a guest passenger.

The questions here involved necessarily invoke the provisions of §6308-6 GC, commonly known as the guest statute. In effect, this statute, where a guest passenger is in- ■ jured or killed, eliminates liability, except where there was wilful or wanton misconduct on the part of the driver of the automobile. This section has been before the courts of Ohio so frequently that the construction and application of this guest statute is thoroughly defined. The Supreme Court of Ohio has definitely stated that wanton misconduct will not arise from speed alone, nor from mere violation of statutory enactments, prescribing rules of conduct or the rules of the road, in the operation of automobiles. The Supreme Court has also determined that negligence and wanton misconduct are not synonymous terms, however gross the negligence.

Wanton misconduct is rather difficult of definition, although the Supreme Court has given us certain rules as a standard. It is defined as ■ a total lack of care; it is further spoken of as an act of perversity or cussedness; it is also spoken of as conduct wholly oblivious of situations and surrounding conditions, and if any thought at all had been given to the manner and method of operating the automobile the driver would have known that the accident was almost sure to happen.

In the instant case the trial court directed a verdict at the close of plaintiff's testimony, and after the return of the verdict and overruling of motion for new trial, judgment was entered on the verdict, dismissing plaintiff's action and entering judgment for costs.

Following the trial statement by counsel for plaintiff, a motion was made by counsel for defendant for a directed verdict on the claimed ground that the trial statement was not sufficient upon which to base a verdict against the defendant.

The trial court indicated his intention of sustaining defendant's motion, but at this time counsel for plaintiff asked permission to make a further trial statement to the jury. The trial court in its discretion very ■ properly permitted the additional trial statement. In fact, it would have been a gross abuse of discretion for the court not to have done so.

The additional trial statement was as follows:

"If the court please, we would like to request the court for the right to amend our opening statement to read that at the time of the accident the defendant was drunk, had been drinking and was intoxicated at the time he was driving the automobile."

Counsel for defendant renewed his motion, which was overruled, and the case proceeded and thereby plaintiff had the opportunity of presenting all her testimony.

Counsel for plaintiff in their brief

argue that the nearest parallel Ohio cases to the instant case are **Thomas v Foody, 54 Oh Ap 423,** and **Kirk v Birkenbach, 22 Abs 569.**

Both cases were decided by our court, and hence we are very familiar with the facts involved and the basis of our ultimate conclusions.

In the Thomas case, supra, it was averred and proven that the driver of the automobile at the time in question drove the same at a dangerous and excessive speed of 80 miles per hour; that the road was a 20 foot macadam highway, containing sharp turns, which the defendant knowingly attempted to negotiate. all against the remonstrance of the guest. The facts to our mind established that the defendant knowingly failed to exercise any care to retain control of his car. He had just a few seconds previously a near accident at a curve, and all the condtions were such that if he had given them any attention at all, he would have known that at the speed at which he was operating that his conduct in all probability would result in injury to his guest.

We do not find such a condition present in the instant case, and before plaintiff could recover ██ on this particular feature, the issue of wanton misconduct must affirmatively appear. In the instant case the allegations are, and the evidence shows, that defendant was operating his automobile on a paved street within the City of Dayton, upon which were located double street car tracks; that he was moving at a speed of from 40 to 45 miles per hour; that the street was wet; that he was in the act of passing another car which was moving in the same direction as was defendant. His car went into a skid, thereafter striking a fire plug and a tree. The right door of the car was thrown open and completely broken from its hinges. The occupants of the car were thrown a considerable distance across the highway. Plaintiff's decedent received injuries from which she shortly thereafter died.

From the allegations of the petition and the narrative as given by witnesses from the witness stand, ██ we are unable to see anything more than a possible negligent operation. It certainly falls far short of an affirmative showing of wanton misconduct.

The case of Kirk v Birkenbach, supra, was also decided by our court. Counsel for plaintiff urge that the instant case is parallel in its facts to the Kirk case, supra. We are not able to so hold. In the Kirk case the evidence presented was that during the course of the evening the defendant had drunk twenty glasses of whiskey. There is a vast difference between twenty drinks of whiskey and three whiskey sours.

In the instant case the accident happened about one o'clock in the morning. Defendant on cross-examination stated that during the course of the evening he had taken three whiskey sours. No other evidence was presented as to the quantity of liquor defendant had consumed during the day or evening preceding the morning of the accident. Two witnesses were in parked cars across the street. Both saw the accident and were interrogated on the question of intoxication. One of the witnesses testified that when she went to the defendant in his prostrate position on the pavement, in an effort to help him up, she detected the odor of whiskey. The other witness, who also testified that he assisted the defendant in getting on to his feet, did not notice any odor of liquor. Both testified that when he did get to his feet he was unsteady and staggered some and seemed bewildered. Neither witness when interrogated directly would say that the defendant was intoxicated.

It is inferable that a person thrown from a car on to the hard ██ pavement, upon arising to his feet will be somewhat unsteady and dazed. In the face of defendant's testimony that he was not intoxicated, we do not think any evidence was introduced that would affirmatively permit the inference that he was.

We have no difficulty in determining

that the evidence presented by plaintiff fails to establish the allegation of wanton misconduct. Those of us who drive automobiles very frequently see operations by drivers similar to what was shown in the instant case. Many might say that it was negligent conduct, but none would be warranted in saying that it was wanton misconduct.

Another error complained of is that the trial court erroneously excluded evidence offered by the plaintiff. This evidence sought to be introduced was in substance that the defendant and the plaintiff's decedent had been engaged to be married, but had a short time previously broken off the engagement. The claim is made that this was at the instance of the decedent. From this it is argued that the defendant's state of mind would be affected to the point that he would not operate his automobile with his usual care, and this fact, taken in connection with all other facts, would have a tendency to prove the issue of wanton misconduct.

There is nothing in the evidence proffered or admitted supporting this claimed inference, except the bare fact of the broken engagement. The most that can be claimed for it is that it might have disturbed defendant in his mental functions.

We find no error in the trial court's refusal to permit this testimony to be introduced.

Another claimed error is that the guest statute is in contravention with **Art. I, §16 of the Constitution of Ohio.** This question is not argued at great length. The guest statute was enacted and became effective June 15, 1933. Since that time this section has been before the Supreme Court many, many times. So far as we know or are advised, the constitutionality of this section has never been brought into question. We are unable to conclude that the contention made at the present time is well grounded.

Finding no prejudicial error, the judgment of the trial court will be affirmed and costs adjudged against the appellant.

Entry may be drawn in accordance with this decision.

GEIGER, PJ. and HORNBECK, J., concur.