PRIMES, APPELLANT, *v.* TYLER, APPELLEE

(No. 7571—Decided December 11, 1974.)

*Messrs. Cherpas, Manos & Syracopoulos*, for appellant.
*Messrs. Knowlton, Sanderson, Ragan, Cady, Corbett & Drexler*, for appellee.

DOYLE, J.   This case involves the application of the Ohio Guest Statute, R. C. 4515.02, to the facts presented to the Court of Common Pleas of Summit County, in an action in negligence for the personal injuries of a passenger, against the driver of an automobile on a public highway in this state.

The plaintiff, George Primes, III, and the defendant, Donald G. Tyler, were golf companions, along with other persons in their group. A practice had developed among them for one of their number to drive the others to a selected golf course on Sunday mornings. It was their practice for one of their number to arrange for a starting time, at a particular course, and then notify his companions of the time for starting and the golf course to be played. At this point in the proceedings, one of the group would volunteer to drive his automobile. This decision generally depended on the location of the selected golf course and where each person in their group lived, in respect to the location of the course. No payment was made, nor gasoline bought for the one volunteering to drive. No prescribed arrangements were ever made in respect to the one volunteering to furnish transportation.

Upon issues being joined, the case came on for trial with an impaneled jury, and, at the conclusion of the plaintiff's case, the defendant moved for a directed verdict in his favor. The motion was sustained and a judgment was entered thereon. From this judgment, the instant appeal was filed in this court.

Plaintiff, the appellant, assigns the following errors, in his quest for a new trial:

"1. Section 4515.02 of the Ohio Revised Code, commonly known as the guest statute, is unconstitutional, being in contravention of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

"2. An arrangement to provide transportation on a regular basis to play golf is transportation furnished for the mutual business or material interests of both the rider and driver and thereby, the rider is considered a paying passenger."

Section 4515.02, reads:

"Liability to guests in motor vehicles.

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, re-

sulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle.''

There may be found in the record sufficient credible evidence for a jury to have concluded that the defendant was guilty of negligence in operating his automobile in such a manner as to cause it to strike a telephone pole, thereby causing injuries of a physical nature to the plaintiff passenger, and, in the absence of the statute, the injured passenger presented a case for the jury. We, therefore, first look to the statute, in the light of the first assignment of error. We look to the claim of the plaintiff that the statute is unconstitutional.

Over a rather great number of years, statutes prohibiting "non-paying" passengers from recovering compensation for injuries suffered while riding in an automobile, unless the host was guilty of willful or wanton misconduct, or the equivalent thereof, have been severely criticized. Prosser, Torts, page 187 (4th ed.); Harper and James, the Law of Torts, Section 16.15; 9 Santa Clara Lawyer 1. See, also, 23 Drake L. R. 216; 42 Cincinnati L. Rev. 709; *Stevens* v. *Stevens* (1959), 355 Mich. 363, 94 N. W. 2d 858.

The attacks upon guest statutes were made despite the United States Supreme Court's approval of a Connecticut guest statute in *Silver* v. *Silver* (1929), 280 U. S. 117. This case was considered authority for a number of years by the courts of the land, until a dramatic swing against the statute commenced several years ago. For instance, of the 32 states which had guest statutes, seven states abolished them and in five of the other states they were declared unconstitutional.[2] It is of interest that the Connecticut

---

[2]The following comprise a list of state guest statutes: (1) Ala. Code, Tit. 36§95; (2) Ark. Stat. Ann. §75-913; (3) Cal. Veh. Code §17158—Declared unconstitutional; (4) Col. Rev. Stat. §13-9-1; (5) Conn. Pub. Act 1927 C308§1—repealed; (6) Del. Code Ann. Tit. 21

statute which was approved by the Supreme Court of the United States in *Silver* v. *Silver, supra*, was repealed in 1937.

Guest statutes have been declared unconstitutional in a number of decisions, despite the *Silver* case. *Brown* v. *Merlo* (1973), 8 C. 3d 855, 506 P. 2d 212; *Thompson* v. *Hagan* (1974), 96 Idaho 19, 523 P. 2d 1365; *Henry* v. *Bauder* (1974), 213 Kan. 751, 518 P. 2d 362; and *Johnson* v. *Hassett* (N. D. 1974), 217 N. W. 2d 771. In addition to those rulings by the highest courts in the respective states, the Supreme Courts of New Jersey and Wisconsin have held that the guest laws were invalid. *Cohen* v. *Kaminetsky* (1961), 36 N. J. 276, 176 A. 2d 483; *Bielski* v. *Shulze* (1962), 16 Wis. 2d 1, 114 N. W. 2d 105.

The recent cases heretofore cited have attacked the guest passenger classification of those negligently injured in automobile accidents caused by the host, as invidiously discriminatory under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

In these cases, the courts generally recognized the delicate balances between the courts and the legislature and noted the discretion vested in legislatures to discern

---

§6101; (7) Fla. Stat. §320.59—repealed; (8) Ida. Code §49-1401—declared unconstitutional; (9) Ill. Veh. Code, c. 95-½ §10-201; (10) Ind. Stat. Ann. Tit. 9, §9-3-3-1; (11) Io. Code Ann. No. 321.494; (12) Kan. S. A. 8-122b—declared unconstitutional; (13) Ky. Rev. Stat. §12-7—declared unconstitutional. Kentucky's guest statute was declared unconstitutional because it prohibited a guest from recovering from the host, no matter what degree of negligence might be found. *Ludwig* v. *Johnson* (1932), 243 Ky. 533, 49 S. W. 2d 347; (14) Mass. Gen. Laws Ann. §231-85L (1973 Supp.)—makes ordinary negligence basis for recovery; (15) Mich. Stat. Ann. §9.2101; (16) Mont. Rev. Code §32-1113; (17) Neb. Rev. Stat. 39-6.191; (18) Nev. Rev. Stat. 41.180; (19) N. M. Stat. 64-24-1; (20) N. D. C. C. 39-15-01—declared unconstitutional; (21) Ohio R. C. §4515.02; (22) Ore. Rev. Stat. §30.115; (23) S. C. Code §46-801; (24) S. D. Comp. L. 32-34-1; (25) Tex. Civ. Stat. 6701b; (26) Utah Code §41-9-1; (27) Vt. Stat. Ann. Tit. 23 §1491—repealed; (28) Va. Code §8-646.1—makes ordinary negligence basis for recovery; (29) Wash. Rev. Code §46-08.085; (30) Wyo. Comp. Stat. §31.233.

Note that New Jersey and Wisconsin had court created guest laws.

evils and to utilize alternative remedies affecting one class differently than other. Bearing this in mind, the scope of review of the guest statutes was generally limited to determining whether the guest legislation had a rational relation to the object sought to be attained. C. f. *Brown* v. *Merlo, supra*; *Henry* v. *Bauder, supra*; *Johnson* v. *Hassett, supra*; *Thompson* v. *Hagan, supra*.

The constitutional standard is declared in *Reed* v. *Reed* (1971), 404 U. S. 71, 76, as follows:

"A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike.' "

These courts, in finding that the guest classification had no rationale relation to the object of the legislation, examined the traditional rationales, or purposes of the legislation.

The first rationale, the protection of the host's hospitality, was succinctly rejected in the California case of *Brown* v. *Merlo, supra*. That court found no principle in their legal system requiring a person to pay a fee before one is protected from the infliction of negligent injury, and found no rationale basis for protecting non-fee paying pedestrians, or guests riding in another car and withdrawing that protection from the non-fee paying guest in the host's car.

The courts also emphasized the fact that liability insurance had become nearly universal. Because of this change, the rationale of protecting the host was no longer applicable, since the effect of the statute was to protect the host's liability insurer. See, also, *Henry* v. *Bauder, supra*, and *Johnson* v. *Hassett, supra*. The California court further observed that "* * * a classification which once was rational because of a given set of circumstances may lose its rationality if the relevant factual premises is totally altered." *Brown* v. *Merlo, supra* at 869, 506 P. 2d at 222.

The second rationale advanced in support of the guest

statutes was the prevention of collusive suits. This theory was rejected on the ground that the classification was over inclusive and exceeded the bounds of rationality. See the *Brown, Henry, Thompson* and *Johnson* cases heretofore cited. While a small segment of a class may file a collusive suit, a broad statutory scheme prohibiting the entire class from instituting negligence actions is overly broad and is a denial of equal protection of the law. Further, it was observed that it is just as likely that the guest and driver will collusively assert that payment had been made, or that the driver was guilty of a higher degree of negligence.

In *Brown* v. *Merlo, supra*, the Supreme Court of California ruled that the guest statute denied equal protection of the laws because of three arbitrary distinctions (1) between gratuitous guests and paying passengers, (2) between automobile guests and other social guests, and (3) between different subclasses of automobile guests.

It is argued that the pronouncements of the Supreme Court of the United States, in the *Silver* case, do not bar a review of the constitutionality of the statute, since the court only considered the second category above, thus leaving the other categories open for subsequent decision.

Again, looking to the *Brown* case, it is noted that the case of *Rowland* v. *Christian* (1968), 69 C. 2d 108, 443 P. 2d 561, which abolished the distinction between invitees and licensees, was followed. Again, this might limit the application of the first category in a state which recognizes that distinction. Nevertheless, the courts of Idaho, North Dakota and Kansas chose to follow California even though they retained the invitee-licensee distinction. See *Thompson* v. *Hagan*, 523 P. 2d at 1369; *Johnson* v. *Hassett*, 217 N. W. 2d 778 et seq.; and *Henry* v. *Bauder*, 518 P. 2d at 369.

In *Henry* v. *Bauder*, 518 P. 2d at 367, the Kansas court stated its dissatisfaction with what was claimed to be arbitrary distinctions between subclasses of passengers. The court said:

"A review of the decisions of this Court reveals a crazy quilt pattern of application of the guest act which

permits recovery in many factual situations and denies recovery in others. Some of those decisions clearly show the inequities of the statute and the resulting denial of equal justice to persons similarly situated.''

See *Johnson* v. *Hassett, supra*, 217 N. W. 2d at 777, and headnote 3 in *Thompson* v. *Hagan*, 523 P. 2d at 1365.

It would appear from the cases heretofore examined and cited, that these several courts found that there is no rational basis for allowing a non-paying guest to recover for ordinary negligence if the accident occurred on private property, yet deny recovery if the accident occurred on a public highway, or if the injured person was barely in the car, unless there was gross negligence. C. f. *Henry* v. *Bauder*, 518 P. 2d at 367. Many examples may be found in the case law of states retaining the guest law.

In light of today's use of the automobile and the prevalence of liability insurance, the rationale in *Silver*, adopted in *Smith* v. *Williams* (1935), 51 Ohio App. 464, no longer has any substantial credence. R. C. 4515.02 has not been constitutionally challenged for nearly forty years.

We are of the opinion that *Brown* v. *Merlo* effectively dispels the supporting logic of the legislative purpose advanced in *Silver*. The court in *Brown* found that the reasons were no longer valid, if in fact they ever were. Similarly, Chief Justice O'Neill stated:

''This is an archaic conclusion without reason, based originally upon the ancient concept that a wife was not a person, but at most a superior servant to her husband. * * *

''That ancient concept * * * is no longer valid.'' *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.*, 22 Ohio St. 2d 65, at 72.

In *Clouston*, the court discarded the fiction of the single marital relationship as outmoded, and held that a wife had a cause of action for the loss of consortium of her husband against a person who negligently injured her husband.

In response to the contention that the courts should not trespass upon the domain of the legislature, and make

public policy decisions, one need only look at the decisions of the United States Supreme Court. For example, see *Glona* v. *American Guarantee & Liability Ins. Co.* (1968), 391 U. S. 73; *Eisenstadt* v. *Baird* (1972), 405 U. S. 438; *Reed* v. *Reed, supra.*

In *Reed*, at page 76, the court delineated the issue as follows:

"Clearly the objective of reducing the workload on probate courts by eliminating one class of contests is not without some legitimacy. The crucial question, however, is whether §15-314 (statute) advances the objective in a manner consistent with the command of the Equal Protection Clause."

Summarily dismissing the constitutional attack because of the "social engineering" argument (that the courts are shifting the loss to the motoring public) seems to beg the question of the injured person's constitutional rights to equal protection. Courts in Ohio have been willing to re-examine rules limiting recovery for ordinary negligence, even though they were based on public policy considerations, or time encrusted principles, where the basic premise of the rule was found to be no longer valid. See *Avellone* v. *St. John's Hospital* (1956), 165 Ohio St. 467, and *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc., supra.*

In these cases, the court discarded court made rules, and not legislation. However, this court, with deference to the legislature, has the duty of examining R. C. 4515.02 to determine its constitutionality, within the bounds set forth in *Porter* v. *City of Oberlin* (1965), 1 Ohio St. 2d 143, paragraph two of the syllabus, which states, in part:

"Legislation must apply alike to all persons within a class and reasonable grounds must exist for making a distinction between those within and those without a designated class."

In summary, this court concludes that: (1) the Ohio Guest Statute is unconstitutional, and (2) as applied to a negligently injured guest, the Ohio statute violates equal protection guarantees of the Ohio and United States Constitutions.

In respect to the second assignment of error, we find that the evidence would not justify a holding that the injured person was a "paying passenger."

The judgment of the Court of Common Pleas is reversed and the cause remanded for trial.

It appears to this Court that at least two Ohio Courts of Appeals cases are in conflict with this decision. The instant case is, therefore, certified to the Supreme Court of Ohio as in conflict with *Smith* v. *Williams, supra,* and *Rector* v. *Hyer* (1941), 35 Ohio Law Abs. 451.

*Judgment reversed.*

VICTOR, P. J., and MAHONEY, J., concur.

DOYLE, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.