GROVER S. CAMPBELL v. MRS. ALECIA B. PASCHALL ET AL. (GULF COLORADO & SANTA FE RAILWAY COMPANY OF TEXAS).

No. 7217. Decided November 30, 1938.
Rehearing overruled January 11, 1939.
(121 S. W., 2d Series, 593.)

*Harry P. Lawther* and *Lawther & Cramer*, all of Dallas, for plaintiff in error.

*Wren, Pearson & Jeffrey*, of Fort Worth, for defendant in error, Gulf, C. & S. F. Ry. Co., *Smithdeal, Shook & Lefkowitz*, of Dallas, for defendant in error, Mrs. Alecia B. Paschall.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Dallas County by Mrs. Alecia B. Paschall, the surviving wife of W. E. Paschall, deceased, and by the minor children of said W. E. Paschall. They will be designated as plaintiffs. The action was against the Gulf, Colorado & Santa Fe Railway Company,

herein referred to as defendant Railway Company, and Grover S. Campbell, herein designated defendant Campbell.

W. E. Paschall was killed while riding as a guest of Grover S. Campbell in an automobile owned by Campbell. The accident occurred at night, and was the result of the car driven by Campbell striking an upright pier in the middle of a public highway, which pier had been constructed by the Railway Company as a support for its railway track over an underpass, which underpass constituted a part of the public highway. Said pier occupied 6 feet and 8 inches of the 46 feet used for the roadway, leaving a clear highway of twenty feet on each side of the pier. The conditions under which the railway track, underpass and pier were constructed by the Railway Company and Dallas County are fully stated in the opinion of the Court of Civil Appeals.

In the district court the jury acquitted the defendant Railway Company of all negligence alleged, and the Court of Civil Appeals has found that all of the findings of the jury were supported by substantial evidence. The jury likewise acquitted the defendant Campbell of every element of wrong which would support a recovery under what is known as the "Guest Statute," being Act of the 42nd Legislature of 1931, entitled Article 6701b of Vernon's Annotated Civil Statutes. The findings of the jury included a finding that defendant Campbell was not guilty of "gross negligence."

Upon these favorable findings the trial court entered judgment against plaintiffs and in favor of both of the defendants. The Court of Civil Appeals in a very able and exhaustive opinion affirmed the judgment of the trial court in favor of the Railway Company. The Court also overruled all of plaintiffs' assignments of error as to defendant Campbell, except two. It reversed and remanded the cause as to defendant Campbell upon two grounds, towit: The admission in evidence of a letter written by Mrs. Alecia Paschall to the mother of defendant Campbell, and upon argument made by counsel for Campbell. The letter complained of, as well as the argument in question, are fully set out in the opinion of the Court of Civil Appeals. 100 S. W. (2d) 183.

Application for writ of error on the part of defendant Campbell, complaining of the action of the Court of Civil Appeals in sustaining the two assignments mentioned, was granted. The application of plaintiffs complaining of the action of the Court of Civil Appeals in affirming the judgment against

the Railway Company was granted because of granting defendant Campbell's application. This application of plaintiffs was conditioned upon the granting of the writ in favor of Campbell.

So far as we have been able to determine from plaintiffs' brief in the Court of Civil Appeals, the language of the letter mentioned which is particularly complained of is as follows: "So I want you to know that none of us hold Grover (Campbell) responsible, or in any way condemn him." Apparently, the principal ground upon which it is claimed that this expression was objectionable is that it was hearsay. While we are inclined to the view that the letter was admissible as properly in rebuttal of prior testimony, yet we do not need to pass upon its admissibility, for the reason that the objection to same was entirely too general and of doubtful meaning. So far as we have been able to find, the only objection offered to the letter was as follows:

"We object to it (the letter) because it could not affect the children's interest, and further because it could not affect Mrs. Paschall, as she did not know anything about the facts at the time the letter was written."

■ The general rule is that "a party objecting to evidence should state his objections clearly and specifically, so that they may be understood by the Court and obviated by the opposing party, if they be capable of being removed by the production of other evidence." Bohanan v. Hans, 26 Texas 445, 450; Kansas City & M. O. Ry. Co. v. James, 190 S. W. 1136. The case of McEwen v. Texas & P. Ry. Co., 92 S. W. (2d) 308, illustrates by reference to many cases that the objection in this instance was too general to be considered as an objection at all.

■ The argument by counsel for Campbell complained of was to the effect that the Railway Company wanted the jury to find that the negligence of defendant Campbell was the sole proximate cause of the injury, as such answer would let the Railway Company out. The trial court instructed the jury not to consider this argument. We are strongly inclined to the opinion that the argument did not constitute reversible error under all the circumstances, but we do not need to so decide. In plaintiffs' brief we find the following statement:

"We must confess, however, that the answers which Mr. Lawther informed the jury would be helpful to the defendant Railway, were not harmful to plaintiffs, inasmuch as the jury

found against plaintiffs on other issues. But the argument of counsel and the answers of the jury, in connection with the jury's answers to similar questions submitted elsewhere in the charge, support plaintiffs' contention that the jury did not answer each question truly as they found the facts to be from the evidence, and without regard to what the result of their answers might be; and if it be shown that the jury did not answer each question truly as they found the facts to be, without regard to the result of their answers, plaintiffs are entitled to a new trial."

From this statement we conclude that plaintiffs considered their objection to the argument of importance only in connection with other assignments to the effect that the jury determined first what the result of their finding should be, and then answered the special issues so as to obtain that result. It will be observed that the Court of Civil Appeals disposed of these assignments by holding that the evidence upon motion for new trial was conflicting, and upheld the implied finding of the trial court that there was no such misconduct as claimed. We approve this holding of the Court of Civil Appeals, and therefore conclude that the alleged improper argument presented no reversible error.

■ As against defendant Campbell, the Court of Civil Appeals correctly disposed of all other assignments, none of which we consider of such importance as to require discussion, except the one challenging the constitutionality of the "Guest Statute." Said statute is constitutional. In addition to what was said by the Court of Civil Appeals we call attention to the following cases: Silver v. Silver, 108 Com. 371, 143 Atl., 240, 65 A. L. R. 943; same case 280 U. S. 117, 50 Sup. Ct. 57, 74 L. Ed. 221, 65 A. L. R. 939; Naudzius v. Lahr, 253 Mich. 216, 234 N. W. 581, 74 A. L. R. 1189; Shea v. Olson, 186 Wash. 700, 59 Pac. (2d) 1183, 111 A. L. R. 998, and cases in Annotation, pp. 1012-1013; Roberson v. Roberson, 193 Ark. 669, 101 S. W. (2d) 961; Elkins v. Foster, 101 S. W. (2d) 294.

Plaintiffs in their petition for writ of error as against the Railway Company have brought forward from their brief in the Court of Civil Appeals fifty assignments of error. These assignments are followed by one general "Argument," which, as we interpret same, amounts to an effort to show that the Railway Company was guilty of negligence as a matter of law. We are firmly of the opinion that this is not correct, and believe the Court of Civil Appeals has very properly disposed of plaintiffs' assignments. In light of the result,

we are not called upon to decide whether or not the Railway Company was free of negligence as a matter of law.

The judgment of the Court of Civil Appeals in so far as it reversed and remanded this cause as to Grover S. Campbell is reversed and the judgment of the district court in that regard is affirmed. In all other respects and as to all other parties the judgments of both lower courts are affirmed.

Opinion adopted by the Supreme Court November 30, 1938.

Rehearing overruled January 11, 1939.