VINCENT J. PETTINE *vs.* JOHN H. TUPLIN.

JACQUELINE PETTINE, *p. a. vs.* SAME.

FEBRUARY 27, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These cases were tried together to a jury in the superior court and resulted in verdicts for the defendant. Thereafter each plaintiff moved for a new trial, which was granted by the trial justice. Defendant excepted to such rulings and also, at the conclusion of the evidence, to the denial in each case of his motion for a directed verdict. The cases are here on those exceptions. On the view which we take of the evidence it will be necessary to consider only the exception to the denial of directed verdicts.

The undisputed evidence shows that plaintiff Jacqueline Pettine, the minor daughter of plaintiff Vincent J. Pettine, of Bristol, Rhode Island, was injured in an automobile accident which occurred in a field a considerable distance off the Colt Drive, so called, on the Colt estate in that town at about 12:30 a. m. on July 31, 1943. At the time of the accident the automobile was being operated by John N. Tuplin, defendant's son, and Jacqueline was riding with him in the front seat. The automobile was owned by defendant, who, it was admitted, had given his son permission to drive the car to a dance at the Bristol Yacht Club, to which he was

taking Jacqueline. After the dance was over, John drove the automobile to a hotel, where he and Jacqueline had lunch, and then he drove into the Colt estate along the Colt Drive. On two occasions he deliberately left the traveled part of the Drive and drove across the shoulder thereof into an open field. On the second occasion he ran into a ditch in the field and Jacqueline was thrown against the windshield and severely injured.

There was no evidence that John N. Tuplin was acting as the agent of his father in operating his automobile at that time. In fact plaintiffs concede that there was no proof of actual agency and that to entitle them to recover from defendant they must show that, in the circumstances, his son was deemed to be his agent by virtue of public laws 1940, chapter 867, sec. 10. They claim that section applies to the facts here.

The pertinent part of sec. 10 is as follows: "Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the operator thereof, if other than such owner, or lessee, or bailee, shall in case of accident, be deemed to be the agent of the owner or lessee, or bailee, of such motor vehicle . . . . Evidence that at the time of such accident or collision the motor vehicle was registered in the name of the defendant shall be *prima facie* evidence that it was being operated with the consent of said defendant, and absence of such consent shall be an affirmative defence to be set up in the answer and proved by the defendant."

Defendant contended that that section did not apply, because the evidence does not show that the Colt Drive was a "public highway of this state", and, in any event, because the uncontradicted evidence shows that the accident actually occurred entirely off the Drive in an open field.

Plaintiffs argued, in substance, that sec. 10 should be liberally construed to apply to a way freely used by the public upon invitation of the owner, as was the Colt Drive, whether

or not it was located on private property. They also contended that, although the evidence showed that the automobile was driven into a ditch on private property, the accident should be considered as having occurred "constructively" while the automobile was being operated on the Drive, because the ditch was so short a distance from the Drive that the negligence of the operator may reasonably be considered to have originated on the Drive.

Plaintiffs also argued that the Drive was virtually at common law a public highway by user and cited the following cases in support of that contention. *Hughes* v. *Providence & Worcester R. R. Co.*, 2 R. I. 493; *Union Co.* v. *Peckham*, 16 R. I. 64; *Daniels* v. *Almy*, 18 R. I. 244; *Eddy* v. *Clarke*, 38 R. I. 371. The rules of law therein set out governing dedication of highways, including dedication by user as at common law, are applicable when the facts in evidence are appropriate. In what follows we shall point out wherein the facts in the case at bar do not call for their application.

There is no evidence here of any formal act of dedication of the Colt Drive as a public highway, nor is there any evidence of its acceptance or its use and maintenance as such by either the state or the town of Bristol. Moreover, the evidence is uncontradicted that the entrance to the Drive was posted as private property, public invited; and that the use of the Drive by the public was by permission of the owner of the Colt estate and not by any claim of right in the public adverse to such owner. In *Eddy* v. *Clarke, supra,* at page 379, this court held that under the rule at common law "to create a public way by use the proof must show that the use has been general, uninterrupted, continuous and adverse so as to warrant the inference that it had been laid out, appropriated, or dedicated by the proprietors of the adjoining land to the public." In the case at bar there is no evidence tending to show that the use of the Colt Drive was adverse to the owner, and, furthermore, the Drive is wholly within the Colt estate.

In employing the term "public highway" in sec. 10, we are of the opinion that the legislature meant only such a highway as was dedicated to the use of the public and not a private way used by the public merely by invitation of the owner. This view is strengthened by the fact that this section is a part of the general laws governing the operation of motor vehicles, where in various provisions thereof it clearly appears that "public highway", in the sense above set forth, is what is intended. G. L. 1938, chap. 98. There being no evidence that Colt Drive was such a highway, sec. 10 was not applicable to the facts of this case, and there being no evidence of actual agency of John N. Tuplin for the defendant, there was no issue for the jury.

We may add that there is no evidence which could reasonably be construed to show that the accident occurred on the Colt Drive or so near thereto and in such circumstances as to be considered as having occurred "constructively" thereon. We have carefully read the transcript and it seems to us that it would be torturing the evidence if we were to so find. The uncontradicted testimony was that the operator deliberately left the traveled part of the Drive to travel across the field and that defendant's automobile went into the ditch in a field at a distance from the Drive estimated by one witness as 50 feet or more and by another as about 75 or 100 yards. Therefore, even if, on a very liberal construction of the statute, we were to agree with the trial justice that Colt Drive is a public highway of this state, we would nevertheless be bound to find from the undisputed evidence that this accident was not governed by the statute, as the accident occurred in a private field and not on a public highway.

For the reasons above set forth, defendant's exception to the denial of his motion for a directed verdict in each case is sustained. Plaintiffs may appear in this court on March 8, 1946, to show cause, if any they have, why each case should not be remitted to the superior court for entry of judgment for the defendant.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiffs.

*Francis V. Reynolds,* for defendant.