Nell STANFORD, Appellant,

v.

Elizabeth STANFORD, Appellee.

No. 16889.

Court of Civil Appeals of Texas.

Dallas.

March 3, 1967.

Rehearing Denied March 31, 1967.

Cecil D. Elfenbein, of Rosenfield, Berwald & Mittenthal, Dallas, for appellant.

Louis J. Weber, Jr., of Bailey, Williams, Weber & Allums, Dallas, for appellee.

BATEMAN, Justice.

This is a suit for damages because of personal injuries sustained by the appellant Nell Stanford while riding as a guest in an automobile owned and operated by the appellee Mrs. Elizabeth Stanford. The sole question presented here is the applicability *vel non* of Vernon's Ann.Civ.St., Art. 6701b, commonly known as the Texas Guest Statute, in a case arising from an accident occurring entirely on private property.

### Facts

The parties had been good friends for many years, their deceased husbands having been brothers. They had had lunch together at a cafeteria, and shopped at various stores in neighborhood shopping centers. In order to shop at the Sanger-Harris department store in Preston Center, Dallas, Texas, they drove in appellee's car up a spiral ramp to the third or fourth floor of the Sanger-Harris Parking Garage, which adjoins the store. After shopping for some time in the Sanger-Harris store they returned to the automobile and endeavored to leave the building by driving down the spiral ramp. The brakes on appellee's automobile suddenly failed, and when appellee realized she had no brakes she deliberately drove the automobile into the wall to stop its downward progress, and as a result of this collision appellant sustained serious bodily injuries.

The jury found that appellee was negligent in failing to have her brakes in proper operating condition, which was a proximate cause of the collision, but that this was not gross negligence. Appellant's damages were found to have been $12,000. The trial court sustained appellee's motion to disregard the jury findings of negligence and proximate cause and to render judgment for her under Art. 6701b, V.A.C.S. Four points of error on appeal are asserted by appellant, but the collective force thereof is that she was entitled to judgment for the $12,000 damages found by the jury, the Guest Statute being wholly inapplicable because the accident did not occur on a public highway of the State of Texas, but on private property.

Section 1, of Art. 6701b, V.A.C.S., is as follows:

"No person transported *over the public highways of this State* by the owner or operator of a motor vehicle as his guest

without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." (Italics ours.)

## Opinion

Prior to the enactment of this statute, the owner or operator owed to his non-paying passenger or guest the same common law duty to exercise ordinary care not to injure him as he did to all other persons. Morris v. Sanders, Tex.Civ.App., 55 S.W.2d 594, no wr. hist.; Cannan v. Dupree, Tex. Civ.App., 294 S.W. 298, wr. ref.

It is said that our statute was modeled upon the Connecticut guest statute * and they do seem identical except that the Connecticut statute makes no reference to transportation on or over public highways. The Texas legislature must have had a purpose in inserting the phrase, "over the public highways of this State," in our statute, and we agree with appellant that that purpose undoubtedly was to limit the protection to be afforded the owners and operators of automobiles to those cases arising out of accidents occurring, or at least originating, on the public highways of the State.

In determining the legislative intent in employing the term "public highways" in this statute, "we are of the opinion that the legislature meant only such a highway as was dedicated to the use of the public and not a private way used by the public merely by invitation of the owner." Pettine v. Tuplin, 71 R.I. 374, 46 A.2d 42, 44. This is not inconsistent with the statutory definitions found in Articles 6701d, § 13, 6674a and 6674q–2, V.A.C.S.

The ramp in the parking garage on which appellant was injured was not a "public highway." It was not dedicated to public use, but was a facility on private property intended only for the convenience and use of those members of the public patronizing the Sanger-Harris store. It could be closed and all members excluded therefrom at any time at the will of the owner.

The only other Texas case deciding this precise question, which has come to our attention, is the very recent opinion of the Austin Court of Civil Appeals in Skrabanek v. Ritter, 412 S.W.2d 337. In that case the accident occurred wholly on the parking lot of a motel. The court held that the statute in question was intended by the legislature to apply only to "accidents connected with transportation of persons over the public highways of [Texas], and not to accidents occurring wholly within the limits of private property." The opinion in that case contains an excellent history of our statute and review of the authorities in other states. We agree with the conclusion reached by the Austin court.

It is argued that appellant's position is contrary to the holding of the Court of Criminal Appeals of Texas in Moore v. State of Texas, 403 S.W.2d 426, affirming a conviction for drunk driving on a "public road or highway," where the only evidence was that the defendant was driving on a parking lot on property of and under the control of the owner. However, it was stipulated that that parking lot was open to the public generally at all times of the day and night, no one being excluded from using it, and that it was sometimes used for traveling from one of the adjacent roadways to the other. The decision was by a divided court. We do not consider that case to be controlling here. A different statute was involved.

The error of the trial court in disregarding the findings of appellee's negli-

* Connecticut Gen.St.1930, § 1628 (repealed). Henry v. Henson, Tex.Civ.App., 174 S.W.2d 270, wr. ref.

gence and proximate cause requires that the judgment be reversed. As appellee has presented no cross-points or cross-assignments of error complaining of prejudicial error committed against her over her objection upon the trial, it becomes our duty under Rule 434, Texas Rules of Civil Procedure, to render the judgment the trial court should have rendered. Crow v. City of San Antonio, 157 Tex. 250, 301 S.W.2d 628, 631; Rule 324, T.R.C.P.; De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95. Therefore, the judgment appealed from is reversed and judgment is here rendered that the appellant, Nell Stanford, recover of and from the appellee, Elizabeth Stanford, the sum of $12,000.00 with interest thereon at the rate of six per cent per annum from June 14, 1966, and all costs in the trial court and in this court.

Reversed and rendered.