DECISION
This matter comes before the Court on defendant Joseph F. Lacerda's ("father Lacerda") Motion for Summary Judgment. Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 56.
The plaintiffs filed a wrongful death action on behalf of their teenage son Edward Dubrosky ("Edward"). On or about September 2, 1997, defendant Joseph A. Lacerda ("son Lacerda") was operating a tractor pulling a potato harvester. Edward was hired to help son Lacerda with the potato harvesting. Edward was run over and killed by the potato harvester upon which he had been tiding. The potato harvester was owned by son Lacerda while the tractor was owned by father Lacerda. Father Lacerda argues that he allowed son Lacerda to borrow the tractor but he had no ownership interest in the potato harvester and no financial interest in the crop being harvested. In response, plaintiffs assert that father Lacerda is liable under theories of negligent entrustment and/or the existence of a partnership or joint venture.
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works Inc. v. R.J. Sanders Inc. 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R. Civ. P. 56(c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nomnoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence Inc. v. Wilkie,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nomnoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode island DEPCO v. Rignanese.714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law.Harritos v. Cambio, 683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56(c).
Father Lacerda argues that the mere fact that son Lacerda was operating a tractor owned by him does not establish that he is liable for the death of Edward. Father Lacerda contends that he had no financial interest in son Lacerda's potato crop, and there was no principal/agent relationship, partnership, or joint venture between him and his son. Additionally, both Lacerdas did not participate in the same farming operation. Testimony from the depositions of both Lacerdas indicate, inter alia, that son Lacerda ceased being an employee of father Lacerda two years ago, son Lacerda leases land from father Lacerda, both Lacerdas farm their own lands, each Lacerda has his own employees, each Lacercia farms different crops, and son Lacerda obtained his own fanning loan. Furthermore, father Lacerda asserts that an agency relationship between him and his son pursuant to G.L. 1956 §31-33-6 is inapplicable to this mater as the accident did not occur on a public highway and farming equipment is not a motor vehicle. Based upon the foregoing information, no genuine issues of material fact exist as to the liability of father Lacerda in this matter.
The plaintiffs argue that genuine issues of material fact exist as to whether or not a partnership or joint venture existed between both Lacerdas at the time of the accident. The depositions of both Lacerdas demonstrate, inter alia, that both Lacerdas operated out of the same property, operated under the name of "Lacerda Farms," divided the land to be farmed, used the same farming equipment, helped each other with farm work, received supplies from the same vendor, and son Lacerda worked for father Lacerda as a salaried employee until 1997. Furthermore, father Lacerda was negligent in entrusting son Lacerda with the use of his tractor. Father Lacerda knew son Lacerda had never used the potato harvester prior to the date of the accident and bad no experience with the equipment. Additionally, there is evidence that son Lacerda hired farm workers under the age of sixteen. Lastly, G.L. 1956 § 31-33-6
holds that the owner of a motor vehicle is liable for the negligence of any person using the motor vehicle under an agency theory.
Pursuant to G.L. 1956 § 31-33-6, an agency is created between an owner of a motor vehicle and a person who uses the vehicle if an accident occurs on a public highway. A public highway is a highway as was dedicated to the use of the public and not a private way used by the public merely by invitation of the owner." Pettine v. Tuplin, 71 R.I. 377, 378, 46 A.2d 42, 44 (1946). A potato field is not a public highway. As suet, §31-33-6 is inapplicable to this lawsuit.
As stated in oral argument, this Court concurs with plaintiffs' counsel that this case presents a close question on the issue of the liability of father Lacerda. A partnership is an "association of two (2) or more persons to carry on as co-owners a business for profit. . . ." G.L. 1956 (1992 Reenactment) §7-12-17(1). A joint venture is an "undertaking by two or more persons jointly to carry out a single business enterprise for profit." Fireman's Fund Ins. Co. v. Burman, 120 R.I. 841, 844,391 A.2d 99, 101 (1978) (citations omitted). Some of the factors the Court must examine to determine whether or not a partnership or joint venture exists are as follows: the ownership interest in the potato harvester, the sharing of profits from the potato harvester operation; and the control father Lacerda had over son Lacerda's farming operation. See McAleer v. Smith, 57 F.3d 109, 115 (1st Cir. 1995). Additionally, the determining factor in the establishment of a partnership or joint venture is whether the persons involved associated or undertook to share profits from a business, §§ 7-12-17 and 7-12-18(4); McAleer v. Smith, 728 F. Supp. 857, 861 (D.R.I. 1990); Fireman's Fund. 120 R.I. at 844, 391 A.2d at 101.
The record is devoid of any facts demonstrating that father Lacerda had an ownership interest in the potato harvester. There is no evidence or allegations that both Lacerdas shared profits from their respective farming operations. Furthermore, the record lacks any facts demonstrating that either Lacerda had any control over the other's farming operation. The mere fact that the Lacerdas help each other out, as family members often do and is needed in running a fanning operation, does not factually raise the situation from helping to a partnership or joint venture. Furthermore, son Lacerda obtained his own fanning loans, was the owner of the potato harvester, and obtained his own insurance.
The plaintiffs also argue that father Lacerda negligently entrusted the tractor to son Lacerda. "[N]egligence is the breach of a duty, the existence of which is a question of law" for the Court to determine. Salmeron v. Nava, 694 A.2d 709, 712 (R.I. 1997) (quoting Barratt v. Burlingham, 492 A.2d 1219, 1222 (R.I. 1985)). Our Supreme Court has not adopted an universal test for determining whether a particular duty exists. Ferreira v. Shack,636 A.2d 682, 685 (R.I. 1994) (citing D'Ambra v. United States.114 R.I. 643, 649, 338 A.2d 524, 527 (1975)). Instead, the Supreme Court has adopted an ad hoc approach of considering all relevant factors. Ferreira, 636 A.2d at 685 (citations omitted). Additionally, public policy and notions of fairness are factors to be considered in determining whether or not a duty exists. Id.
The facts in this matter indicate that son Lacerda borrowed the tractor and other farming equipment from father Lacerda. As analyzed supra, the Lacerdas were not partners or joint venturers. The plaintiffs allege that father Lacerda entrusted his tractor to son Lacerda with the knowledge that son Lacerda had no experience with the potato harvester and that he hired laborers under sixteen years of age (Edward was sixteen at the time of his death). Considering such factors, inter alia, as foreseeability, public policy, fairness, the causal connection between father Lacerda's conduct and Edward's injury, and the burden of imposing a duty upon father Lacerda, plaintiffs' argument, taken as true, does not create a duty upon father Lacerda to Edward.
Although a prior justice initially believed father Lacerda may not be liable, she reserved judgment pending a reading of the materials filed the day of oral argument. After reviewing the evidence in the light most favorable to the nonmoving party, including pleadings, affidavit, discovery materials, and a draft transcript of oral argument, this Court finds that the undisputed facts do not establish a partnership or joint venture between the Lacerdas, and father Lacerda did not owe a duty to Edward. Accordingly, father Lacerda's Motion for Summary Judgment is granted.
Counsel shall prepare the appropriate order for entry.