THE TYLER TAP R. R. CO. AND JAMES P. DOUGLASS v. JOHN F. OVERTON.

(No. ——, Op. Book No. 2, p. 26.)

APPEAL from Smith County. Opinion by ECTOR, P. J.

§ 533. *Judge; disqualification of, from relationship to the parties.* The question is whether the judge who presided at the trial was related to one of the parties to the suit by consanguinity or affinity within the third degree. It was proven that Judge G. W. Smith and Mrs. Douglass, wife of defendant J. P. Douglass, were cousins; that is, the father of Judge Smith and the father of Mrs.

Douglass were brothers of the whole blood. Relationship in the third degree disqualifies a judge from trying a cause. [Const. art. V, sec. 11; Gen. Laws 1876, p. 19, sec. 6.]

§ 534. *Collateral and lineal consanguinity.* Mr. Bouvier says: " Collateral consanguinity is the relation subsisting among persons who descend from the same common ancestor, but not from each other. It is essential to constitute this relation that they spring from the same common root or stock, but in different branches. Lineal consanguinity is that relation which exists among persons where one is descended from the other, as between the son and the father or the grandfather, and so upwards in a direct ascending line; and between the father and son or the grandson, and so downwards in a direct or descending line."

§ 535. *The mode of computing the degrees of consanguinity.* In computing the degree of lineal consanguinity existing between two persons, every generation in the direct course of relationship between the two parties makes a degree, and the rule is the same by the civil and common law. The mode of computing degrees of collateral consanguinity at the common and by the canon law is to discover the common ancestor, to begin with him to reckon downwards, and the degree the two persons, or the more remote of them, is distant from the ancestor, is the degree of kindred subsisting between them. For instance, two brothers are related to each other in the first degree, because from the father each one of them is one degree. An uncle and nephew are related to each other in the second degree, because the nephew is two degrees distant from the common ancestor, and the uncle is extended to the remotest degree of collateral relationship.

The method of computing by the civil law is to begin at either of the persons in question and count up to the common ancestor and then downwards to the other person, calling a degree for each person both ascending and descending, and the degree they stand from each other is

the degree in which they stand related.    Thus, from a son
to his father is one degree, to the grandfather two de-
grees, and then to the uncle three  degrees, which points
out  the  relationship.    If  we  adopt  the  common  law
method, the Hon. G. W. Smith and Jas. P. Douglass are
first cousins, and related by affinity in the second degree.

§ 536. *Common law as a rule of decision.*    The com-
mon law of England, so far as it is not inconsistent with
the constitution and laws of Texas, shall, together with
such acts, be the rules of decision in this state.   [Pas.·
Dig. art. 978.]   The common law method of computing
degrees of consanguinity is the correct one, and therefore
the Hon. Geo. W. Smith was disqualified to sit in the
case.

December 14, 1878.         Reversed and remanded.