Marilyn PERRY et al., Appellants,

v.

Gary HARROD, Appellee.

No. 8041.

Court of Civil Appeals of Texas, Amarillo.

Feb. 16, 1970.

Rehearing Denied March 23, 1970.

A. W. Salyars, Lubbock, for appellants.

John E. Vickers, Lubbock, for appellee.

NORTHCUTT, Justice.

This suit was brought by appellants Marilyn Perry Brown and her father, O. L. Perry, against appellee, Gary Harrod, to recover damages resulting from personal injuries sustained by Marilyn Perry Brown, then Marilyn Perry, in Lubbock County, Texas, on or about March 18, 1966, when an automobile being driven by appellee, and in which Marilyn Perry was riding, overturned and Marilyn Perry was thrown out of the automobile and injured. At the time of sustaining such injuries, Marilyn Perry was a minor, and this suit was brought by her through her father, O. L. Perry, as next friend, to recover her damages from such personal injuries, and by O. L. Perry individually to recover past and future medical expenses for treatment of such injuries to Marilyn Perry during her minority.

Appellee filed his motion for summary judgment in his favor, on the basis that at the time of sustaining such injuries Marilyn Perry was a "guest" in his automobile, that Marilyn Perry had failed to prove gross negligence on the part of appellee, and that therefore he was not liable for injuries and damages sustained by her.

The trial court granted such motion for summary judgment, and on August 19, 1969, entered judgment that appellants take nothing by their suit against appellee. From that judgment appellants perfected this appeal. Since this case involves the issue of whether Marilyn was the guest of Gary, Marilyn will be referred to as appellant and Gary as appellee.

Appellant presents this appeal upon eleven points of error but presents all of them under one argument contending the trial court erred in granting summary judgment for appellee because appellant was not a guest in appellee's vehicle; that the appellee admitted acts and omissions constituting ordinary negligence and appellant was entitled to a trial on the question of proximate cause and damage; that the pleadings and depositions raise the question of gross negligence; that the Guest Statute, Vernon's Ann.Civ.St. article 6701b is unconstitutional.

It has been held that Article 6701b is constitutional. Campbell v. Paschall, 132

Tex. 226, 121 S.W.2d 593; Elkins v. Foster, Tex.Civ.App., 101 S.W.2d 294 (writ dism'd). We overrule appellants' contention that Article 6701b is unconstitutional.

The sole issue to be determined herein is whether the trial court erred in granting summary judgment and thereby holding that Marilyn was a guest of appellee, and that appellee was not guilty of gross negligence. Article 6701b provides as follows:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

There is no contention that the accident was intentional on the part of appellee, and if Marilyn was a guest of Gary, the issue would be whether Gary acted in a heedless or reckless disregard for the rights of Marilyn. In connection with the motion for summary judgment, the depositions of Gary and Marilyn were taken. There are no material differences in their testimony as to what happened and both of them should be complimented on their testimony as to what happened. It is admitted that at the time and place of sustaining the injuries Marilyn was the invited date of appellee; that appellee had picked her up at her home between 7:00 and 7:30 that evening for such date; that they went to a movie and after leaving the movie went to eat and then went on an automobile drive, and they were on such automobile drive when the car overturned and Marilyn was thrown from the car and injured. At the time of the accident, they were on their way back to Lubbock from Petersburg when they came to a "Y" intersection. The right segment of the "Y" led to Lubbock and the left segment led to Ralls.

Appellee took the left segment and had gone a short distance when appellant called appellee's attention that he took the wrong side of the "Y". In attempting to get back on the right segment, he turned to the right to go over to the right segment and ran into gravel and slid and finally crossed the right segment of the "Y" and overturned, and Marilyn was thrown from the car and injured.

■ If the Guest Statute was not involved herein, certainly the question of negligence would be such as to permit the submission of the negligence issue to a jury. A guest within the Guest Statute (Article 6701b) is one who is invited to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or for business without making any return or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company. The word "guest" means one entertained without pay and a person to whom hospitality is extended.

■ There seems to be no question in this case but that the evening's outing was for the mutual pleasure of appellant and appellee. The fact that the trip may have been for mutual pleasure for the appellant and appellee does not operate to change the status of the appellant from that of a guest. Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190 (error ref'd); Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022. We hold appellant was a guest of appellee.

■■ The depositions of appellant and appellee (they were the only persons knowing what happened and had happened all evening) clearly show that any question of gross negligence on the part of appellee had to occur at the moment it was called to his attention he had taken the wrong segment of the road, since there is no contention of gross negligence prior to that time. It is stated in Rogers v. Blake, 150

Tex. 373, 240 S.W.2d 1001 at 1004 as follows:

"The case of Hamilton v. Perry, Tex. Civ.App., 109 S.W.2d 1142, 1143, no writ history, was one of the first cases construing our present 'guest statute'. It has been cited with approval by this Court in cases involving this statute, and according to Shepard's Southwestern Citations, it has never been questioned. That case says: 'Our Texas statute was first construed by the Tennessee Court of Appeals in Fly v. Swink, 17 Tenn. App. 627, 69 S.W.2d 902, in a very exhaustive opinion which adopted the interpretation that the Supreme Court of Errors of Connecticut placed on an identical statute prior to its enactment in Texas. The construction placed upon this statute by the Tennessee court and the Connecticut courts has been adopted and approved by the courts of Texas in Napier v. Mooneyham (Tex.Civ.App.) 94 S.W.2d 564; Aycock v. Green (Tex.Civ. App.) 94 S.W.2d 894; Crosby v. Strain (Tex.Civ.App.) 99 S.W.2d 659; Pfeiffer v. Green (Tex.Civ.App.) 102 S.W.2d 1077; Glassman v. Feldman (Tex.Civ. App.) 106 S.W.2d 721. From this unbroken line of decisions, it is now the settled law of this state that momentary thoughtlessness, inadvertence, or error of judgment do not constitute "heedlessness or reckless disregard of the rights of others" within the meaning of this statute; there must be something in the nature of a continued or persistent course of action; such acts as to constitute wanton misconduct or gross negligence.' " See also Pfeiffer v. Green, Tex.Civ.App., 102 S.W.2d 1077 (no writ history).

There are no facts or circumstances shown which would justify the finding that appellee's conduct was gross negligence. In determining whether or not there is any evidence (in the depositions) of a probative force to hold appellee guilty of gross negligence, we must consider the element of conscious indifference which is an essential element of gross negligence. Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571. We are of the opinion that there was no gross negligence on the part of appellee, but only a momentary thoughtlessness. Judgment of the trial court is affirmed.