Alvin B. REED, Jr., et ux., Appellants,

v.

Martin H. HICKS, Appellee.

No. 8336.

Court of Civil Appeals of Texas, Amarillo.

Jan. 8, 1973.

Rehearing Denied Feb. 5, 1973.

Merchant, Barfield & Poff, J. Jerry Merchant, Amarillo, for appellants.

Gibson, Ochsner, Adkins, Harlan & Hankins, A. B. Hankins, Amarillo, for appellee.

REYNOLDS, Justice.

Summary judgment was rendered for the defendant in this wrongful death action brought by the parents of a three-year-old deceased child. The suit was grounded on allegations of ordinary negligence on the part of the defendant driver of the automobile in which the child and her mother were passengers at the ·time the child's death resulted from a collision of a train with the automobile. The basis of the summary judgment is that the child was a guest of the driver within the meaning of Vernon's Ann.Civ.St. art. 6701b,[1] which bars recovery by, or on behalf of, a guest against the driver of the automobile, unless such driver intentionally or by gross negligence caused the accidental damages, neither of which was pleaded nor raised by the depositions on file. Affirmed.

Plaintiffs contend that the statutory provisions are not applicable to these circumstances because the minor child was incapable of being a "guest without payment" as contemplated by the statute. The minor child could not have the status of a guest, plaintiffs submit, because the minor, being in custody of her mother without any option to accompany her, was incapable by reason of her tender years of knowingly and voluntarily accepting an invitation to become a guest of the driver. The contention is supported by court decisions cited from jurisdictions other than Texas.

In Texas, it is settled that the statute applies to a minor. Linn v. Nored, 133 S.W.2d 234 (Tex.Civ.App.—Austin 1939,

---

I. Section 1 of the statute provides: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for in-juries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

writ dism'd judgmt. cor.), holds that a minor riding as a passenger in an automobile without paying compensation is a guest, and that the fact that the minor is of tender years does not take the case out of the statute. Snyder v. Jones, 392 S.W.2d 504 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.), concerned an action brought on behalf of a minor passenger injured in an automobile accident, and the provisions of the statute were held applicable. Plaintiffs' contention is fully answered in these two cases, particularly in *Linn*, and further discussion thereof is pretermitted. Rule 452, Texas Rules of Civil Procedure; Oakville Independent School District v. County School Trustees of Live Oak County, 178 S.W.2d 547 (Tex. Civ.App.—San Antonio 1944, writ ref'd).

The petition having failed to state a cause of action, summary judgment was a proper disposition of the suit. Davis v. County of Lubbock, 486 S.W.2d 109 (Tex. Civ.App.—Amarillo 1972, no writ). See Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971), note 1 at 543.

The trial court's summary judgment is affirmed.