**Lisa Diane WARNER by and through Christine Warner as next friend, Appellant,**

v.

**Judy RICE, Appellee.**

**No. 4935.**

Court of Civil Appeals of Texas, Eastland.

Sept. 30, 1976.

Rehearing Denied Oct. 14, 1976.

John W. Herrick and Bill Waltrip (Herrick & Waltrip), Fort Worth, for appellant.

John P. Camp and George R. Carlton, Jr. (Fillmore, Camp & Lee), Fort Worth, for appellee.

McCLOUD, Chief Justice.

At issue is the interpretation of the word "consanguinity" as used in the Guest Statute. Tex.Rev.Civ.Stat.Ann. art. 6701b, § 1(a) (1975–76 Pamp.Supp.).

Lisa Diane Warner, a minor, by and through her mother, Christine Warner as next friend, sued Lisa's blood aunt, Judy Rice, alleging Lisa received personal injuries proximately caused by the negligent operation of a motor vehicle driven by Judy Rice. The trial court granted defendant's motion for summary judgment and plaintiff has appealed. There are no disputed facts. We affirm.

It was stipulated that at the time of the accident plaintiff was three years old; she was being transported over a public highway of the state in a motor vehicle driven by Judy Rice; she was being transported without payment for such transportation; the accident was not intentional on the part of Judy Rice, or caused by heedlessness on her part, or a reckless disregard of the rights of others; and, Judy Rice was not guilty of gross negligence.

The minor plaintiff, Lisa Diane Warner, is the blood niece of the defendant, Judy Rice. The defendant is the blood sister of Lisa's father, Thomas Doyle Warner.

Article 6701b, Section 1(a), as amended in 1973, provides in part:

"*No person who is related within the second degree of consanguinity or affinity* to the owner or operator of a motor vehicle and who is being transported over the public highways of this State by the owner or operator of the motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others. There shall be no such immunity for an owner or operator who is not so related to the guest." (Emphasis added)

Black's Law Dictionary, Fourth Edition, page 375, defines "consanguinity" as follows:

"Kinship; blood relationship; the connection or relation of persons descended from the same stock or common ancestor. 2 Bl.Comm. 202; *Rector v. Drury*, 3 Pin. (Wis.) 298; *Sweezey v. Willis*, 1 Brad. Surr.R. (N.Y.) 49.

Consanguinity is distinguished from 'affinity,' which is the connection existing in consequence of a marriage, between each of the married persons and the kindred of the other. *Sizemore v. Commonwealth*, 210 Ky. 637, 276 S.W. 524, 525.

*Lineal and Collateral Consanguinity*

*Lineal consanguinity* is that which subsists between persons of whom one is descended in a direct line from the other, as between son, father, grandfather, great-grandfather, and so upwards in the direct ascending line; or between son, grandson, great-grandson, and so down-

wards in the direct descending line. *Collateral consanguinity* is that which subsists between persons who have the same ancestors, but who do not descend (or ascend) one from the other. Thus, father and son are related by lineal consanguinity, uncle and nephew by collateral consanguinity. 2 Bl.Comm. 203; *Capps v. State*, 87 Fla. 388, 100 So. 172, 173." (Emphasis added)

Plaintiff urges that the Legislature intended the word "consanguinity," as used in the Guest Statute, to mean "lineal" consanguinity. The parties in question are related by collateral consanguinity, but not lineal consanguinity. Plaintiff points out that the purpose of the statute was to prevent fraudulent collusion against insurers by insureds and their guests. *Cedziwoda v. Crane-Longley Funeral Chapel*, 155 Tex. 99, 283 S.W.2d 217 (1955). It is contended that persons related by collateral consanguinity, such as aunts and nieces, rarely live together, or maintain a close family relationship, and are not, therefore, as likely to engage in fraudulent collusion against insurers, as are those who are related by lineal consanguinity, such as parent and child. Under plaintiff's contention the Guest Statute would apply in actions between father and son, but not between brothers.

■ We find nothing in the statute to indicate that the word "consanguinity" was intended to be limited to lineal consanguinity. Moreover, the statute expressly applies to persons related by "affinity" within the second degree. Affinity is the relationship which one spouse, because of marriage, has to blood relatives of the other. Black's Law Dictionary, Fourth Edition, page 81. It would be incongruous to hold that the Legislature intended to exclude brothers from the statute, but include in-laws. Furthermore, we find no Texas case construing the word "consanguinity" in a statute, to mean only lineal consanguinity. We hold that Lisa Diane Warner is related by "consanguinity," as that word is used in the Guest Statute, to the defendant.

Whether a blood niece falls within the second degree of consanguinity depends on whether the civil law or common law method is used in determining degrees of kinship. A general summary of the two methods is found in 23 Am.Jur.2d, Descent and Distribution, § 48, wherein it is stated:

". . . The *civil-law* method of computing degrees of kinship has been adopted in most jurisdictions by statute or by court decision. Under this method the degree of kinship is determined by counting upward from the intestate to the nearest common ancestor, then downward to the claimant, each generation representing one degree. Computing by the rule of the civil law, parents and children of a deceased are related to him in the first degree; and grandparents, grandchildren, brothers, and sisters of the deceased are related to him in the second degree. Uncles, aunts, nephews, *nieces*, and great-grandparents of the deceased are related to him in the *third degree*. The *fourth degree* of relationship includes *first cousins*, great-uncles and great-aunts, and great-great-grandparents. The great-great-uncles and great-grant-aunts, the children of a cousin, and the children of a great-uncle or great-aunt are related in the fifth degree, while the relationship of children of second cousins is in the sixth degree.

. . . . .

A few American cases have been decided under the *common-law*, or canon law, method of computing degrees of kinship. Under this method the degree of kinship is determined by the number of generations from the nearest common ancestor to the intestate or to the claimant, taking the longer of the two lines where they are unequal. The difference in the method of the common and civil law in the computation of degrees exists only in relation to collateral consanguinity." (Emphasis added)

■ Texas has followed the common law method of computing degrees of kinship. Tex.Rev.Civ.Stat.Ann. art. 2134(3), provides that a person is disqualified to serve as a juror in a case if he is related by consan-

guinity or affinity within the third degree to a party to the suit. In *Smith v. Bates,* 27 S.W. 1044 (Tex.Civ.App.1894, writ ref.), the court stated that the cousin of one of the parties was related within the third degree. Tex.Rev.Civ.Stat.Ann. art. 15, provides that no judge shall sit in a case "where either of the parties may be connected with him by affinity or consanguinity within the third degree . . ." Our Supreme Court in *Fry v. Tucker,* 146 Tex. 18, 202 S.W.2d 218 (1947) held that a judge was disqualified because the wife of the judge and the wife of one of the parties were first cousins. The common law method of determining kinship was obviously used in the two cases cited because under the civil law method of computation first cousins are related in the fourth degree. See also: *Natural Gas Pipeline Company of America v. White,* 439 S.W.2d 475 (Tex.Civ.App.—Beaumont 1969, no writ) and *Baker v. McRimmon,* 48 S.W. 742 (Tex.Civ.App.1899, no writ).

Applying the common law method of computation, the minor plaintiff, Lisa Diane Warner, and the defendant, Judy Rice, are related within the second degree of consanguinity.

Plaintiff next asserts that the Guest Statute should not apply to small children who obviously are not involved in any collusion or fraud. This court in *Bryant v. Adair,* 490 S.W.2d 950 (Tex.Civ.App.—Eastland 1973, writ ref. n. r. e.) held that minors were not excepted from the statute. See also: *Reed v. Hicks,* 489 S.W.2d 958 (Tex. Civ.App.—Amarillo 1973, writ ref. n. r. e.); and *Linn v. Nored,* 133 S.W.2d 234 (Tex.Civ. App.—Austin 1939, writ dism'd jdgmt. cor.).

Plaintiff's cause of action is barred by the Guest Statute.

We have considered all of plaintiff's points and they are all overruled. The judgment of the trial court is affirmed.