William E. VLASEK, Sr., Individually and as next friend for William E. Vlasek, Jr., Appellant,

v.

Bedros K. SARKISSIAN, Appellee.

No. 4970.

Court of Civil Appeals of Texas, Eastland.

Dec. 9, 1976.

Rehearing Denied Jan. 6, 1977.

Sam Gross, Benbow & Gross, San Antonio, for appellant.

C. G. House, House, Mercer, House, Brock & Wilson, San Antonio, for appellee.

WALTER, Justice.

William E. Vlasek, Sr., individually and as next friend for William E. Vlasek, Jr., a minor, 12 years of age, filed suit against Bedros K. Sarkissian under Article 6701b, V.A.C.S., for damages resulting from an automobile accident.

Defendant's motion for summary judgment was granted and plaintiffs have appealed.

Their only point of error is the court erred in granting summary judgment because the minor plaintiff was not a guest within the meaning of the act.

Attorneys for the Vlaseks waived their allegation of gross negligence and their case was predicated on the issue the minor was not a guest within the meaning of the act.

This accident occurred in August, 1972, and at that time Art. 6701b, V.A.C.S., was in part as follows:

"*Liability for injuries to gratuitous guest in motor vehicle limited; public carrier and motor vehicle demonstrators excepted*

Section 1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

Appellant contends Vlasek, Jr., was an unwilling guest, a nonassentive passenger and was riding with Sarkissian under duress, and these matters would exclude him from coming under the guest statute.

The summary judgment proof conclusively shows Vlasek, Jr., was voluntarily riding in Sarkissian's car without payment for such transportation. The boy's mother allowed him to ride with Sarkissian so he would not be forced to stay at home by himself while she was working.

In *Linn v. Nored*, 133 S.W.2d 234 (Tex. Civ.App.—Austin 1939, writ dism'd jdgmt. cor.), the court said:

"As used in the statute the term 'guest' has its general and common understanding, and means that one is a guest who is the recipient of the voluntary hospitality of the owner or operator of the automobile.

.     .     .     .     .

Manifestly our statute makes no distinction between a drunk and sober person, or between minors and adults, or same and insane persons; and since the term 'guest' is used in its general sense, we are of the view that it should apply to a person under the influence of intoxicating liquor, no question of duress arising . . . . ."

In *Warner v. Rice*, 541 S.W.2d 896 (Tex. Civ.App.—Eastland 1976, no writ), this court said:

"Plaintiff next asserts that the Guest Statute should not apply to small children who obviously are not involved in any collusion or fraud. This court in *Bryant v. Adair*, 490 S.W.2d 950 (Tex.Civ.App.—Eastland 1973, writ ref. n. r. e.) held that minors were not excepted from the statute. See also: *Reed v. Hicks*, 489 S.W.2d 958 (Tex.Civ.App.—Amarillo 1973, writ ref. n. r. e.); and *Linn v. Nored*, 133 S.W.2d 234 (Tex.Civ.App.—Austin 1939, writ dism'd jdgmt. cor.)."

Appellant's point of error is overruled and the judgment is affirmed.