Dorothy POMERANTZ, Appellant,

v.

Rosa ROSENBERG, Appellee.

No. 17558.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 10, 1980.

Harvill & Hardy, Alison Pettiette, Houston, for appellant.

Weitinger, Steelhammer & Tucker, James L. Gascoyne, Houston, for appellee.

DOYLE, Justice.

Dorothy Pomerantz (appellant) instituted this suit against her former sister-in-law, Rosa Rosenberg (appellee), to recover damages for personal injuries she sustained when the automobile driven by appellee, in which she was a passenger, collided with a second automobile in Houston. The court granted appellee's motion for summary judgment wherein it was stated this cause of action was barred as a matter of law by the Texas Guest Statute, Article 6701b Section 1(a), V.A.C.S. (1973).

We affirm.

The facts in this case are undisputed. On February 4, 1978, Dorothy Pomerantz was a passenger in a vehicle operated by Rosa Rosenberg when the vehicle collided with another vehicle at the intersection of Bellefontaine and Braes Boulevard, Houston. In interrogatories Dorothy Pomerantz stated she is the widow of Isaac Pomerantz who was the blood brother of Rosa Rosenberg. Mr. Pomerantz died on April 6, 1977, being survived by two children of his marriage with Dorothy Pomerantz. Both of these children are adults, a daughter, 47, who resides in Houston and a son, 50, who resides in Maryland.

In her pleadings appellant alleged she was injured by appellee's failure to exercise ordinary care. The evidence showed that appellant was not a passenger for hire and appellee did not intentionally nor heedlessly cause the accident, nor was there any reckless disregard of the rights of others. There was no showing of gross negligence. Appellee filed a motion for summary judgment which was granted.

We shall treat appellant's two points of error as only one, since she complains in both that the trial court erred in granting the motion for summary judgment because a genuine issue of fact was raised. The question before us is whether the affinal relationship between a woman and her brother's wife terminates when the brother dies leaving children by his wife. If the relationship continues, the sister-in-law (appellee) and her brother's wife (appellant) would be related within the second degree of affinity, and the appellant could not bring an action under the Texas Guest Statute. There being no plea of gross negligence, we must determine whether as a

matter of law no genuine issue of fact existed as to appellant's affinal relationship within the second degree to appellee which would render erroneous the trial court's summary judgment for appellee under the Texas Guest Statute.

Appellant argues that her children are both adults and do not live at home and that this statute was meant to apply in the case of minor children, not adults. By affidavit attached to her pleadings, appellant denies any collusion or fraud as a motive for bringing her suit. Appellant suggests that this denial and the adulthood of her children raise fact issues as to whether the affinal relationship still exists. Appellant cites no cases or other authority for her position. She merely wishes to test the definition of the term "affinity" and when that relationship is said to terminate under the provisions of the present Texas Guest Statute. The relevant portion of the statute reads:

Art. 6701b. Liability for injuries to guest; exceptions; insurance

Section 1. (a) No person who is related within the second degree of consanguinity or affinity to the owner or operator of a motor vehicle and who is being transported over the public highways of this State by the owner or operator of the motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others. There shall be no such immunity for an owner or operator who is not so related to the guest.

Affinity, according to Black's Law Dictionary p. 81 (West Rev. 4th ed. 1968) is defined as:

A close agreement; relation; spiritual relation or attraction held to exist between certain persons . . . relation which one spouse because of marriage has to blood relatives of the other.

Texas courts have defined affinity as follows:

[T]he tie which exists between one of spouses with the kindred of the other; thus the relations of my wife, her brother, her sisters, her uncles are allied to me by affinity and my brothers, sisters, etc. are allied in the same way to my wife. But, my brother and the sister of my wife are not allied by ties of affinity.

*Texas Employers' Insurance Association v. McMullen*, 279 S.W.2d 699 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.). Affinity relationships arise out of marriage and may be terminated by death, divorce and remarriage. Affinity relationships are always terminated upon divorce. *Hamilton v. Calvert*, 235 S.W.2d 453 (Tex.Civ.App.—1951, writ ref'd); *Reed v. Smith*, 120 S.W.2d 302 (Tex.Civ.App.—Eastland 1938, no writ). This relationship is also terminated upon the death of a spouse, unless live issue was born of the marriage and are still living. 30 Tex.Jur.2d Husband and Wife § 2 (1962); 2A C.J.S. Affinity p. 515 (1972); *Lewis v. O'Hair*, 130 S.W.2d 379 (Tex.Civ.App.—Austin 1939, no writ); *Stringfellow v. State*, 42 Tex.Cr.R. 588, 61 S.W. 719 (1901).

Despite the authority holding a relationship by affinity continues when live issue are born of a marriage and are still alive, appellant argues the affinal relationship between herself and her sister-in-law was terminated when appellant's husband died in 1977. The statute itself does not address this question. Appellant is correct when she states the statute was enacted in 1931 to prevent collusive lawsuits. However, this statute was amended in 1973 when the Legislature added the clear and unambiguous phrase, "No person who is related within the second degree of consanguinity or affinity" may bring a lawsuit.

Appellant states the case of *Lewis v. O'Hair*, supra, is not in point because it deals with Texas inheritance laws subject to a different statute. While this is true, affinity is a legal status defined under this case and other criminal cases as existing by virtue of marriage which is always terminated by divorce or terminated by death

unless children born of the marriage are still alive. *Stringfellow v. State*, supra. Two law journal articles also bear out this definition of affinity in Texas with an exhaustive discussion of legislative history and case authority. The New Guest Statute: Its Meaning and Some Questions Raised, 25 Baylor L.R. 599 (1973); Nations, Statutory Damages Recovery: The Guest Statute, 18 S.Tex.L.J. 305 (1977).

We find one case which has been decided under the Texas Guest Statute since its amendment in 1973 regarding the degree of affinity or consanguinity which would bar a suit under this statute. This case, *Warner v. Rice*, 541 S.W.2d 896 (Tex.Civ.App.—Eastland 1976, no writ), discusses the method of computing degrees of consanguinity, rather than affinity.

The established definition of the term affinity has been applied through many years of Texas case law. In 1973 the legislature employed the legal term "affinity" in its latest amendment of the Texas Guest Statute with no accompanying definition of the term. The death of appellant's husband did not terminate the affinal relationship, because there were living children of appellant's marriage with appellee's brother. By affinity, then, appellant and appellee were related within the second degree. This was the summary judgment proof before the trial court which showed as a matter of law that no genuine issue of fact existed as to appellant's affinal relationship within the second degree to appellee.

The judgment of the trial court is affirmed.

COLEMAN, C. J., and WALLACE, J., also sitting.