**L.D. WHITWORTH, Appellant,**

v.

**Douglas BYNUM, Jr., Appellee.**

**No. 01–84–00213–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Rehearing Denied Sept. 27, 1984.

Howard L. Nations, Houston, for appellant.

Otto D. Hewitt, III, McLeod, Alexander, Powel & Apffel, Galveston, Michael Hendryx, Weitinger, Steelhammer & Tucker, Houston, for appellee.

Before LEVY, DUGGAN and DOYLE, JJ.

## OPINION

LEVY, Justice.

This is an appeal from the granting of a motion for summary judgment in favor of the appellee, Douglas Bynum, Jr.

Personal injuries were sustained by the appellant, L. D. Whitworth, as the result of an automobile accident while riding as a passenger in a car being driven by the appellee, Douglas Bynum, Jr. The appellant was the appellee's nephew by marriage; the appellee's sister was the mother of the appellant's wife.

The appellant was a non-paying passenger, or guest, in the car owned and operated by the appellee. Thus, the appellant was precluded from recovery against appellee because of the Texas Guest Statute, Tex.Rev.Civ.Stat.Ann. art. 6701b sec. 1(a) (Vernon Supp.1975), which provides in pertinent part:

... No person who is related within the second degree of consanguinity or affinity to the owner or operator of a motor vehicle and who is being transported over the public highways of this State by the owner or operator of the motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others. There shall be no such immunity for an owner or operator who is not so related to the guest.

The appellant argues, in his first point of error, that the Texas Guest Statute violates the equal protection of the laws guaranteed by the U.S. Const. amend. XIV and the Tex. Const. art. I, sec. 3.

The Texas Guest Statute was enacted in 1931, and was narrowed in its scope in 1973. Initially, all non-paying guests were excluded from suing their host-driver for ordinary negligence. The present statute precludes only those guests without payment who are related "within the second degree of consanguinity or affinity" from suing the host-driver.

The Texas Guest Statute has been held constitutional against attacks on equal protection grounds. *Campbell v. Paschall*, 132 Tex. 226, 121 S.W.2d 593 (1938); *Tisko v. Harrison*, 500 S.W.2d 565 (Tex.Civ.App. —Dallas 1973, writ ref'd n.r.e.); *Perry v. Harrod*, 451 S.W.2d 821 (Tex.Civ.App.— Amarillo 1970, writ ref'd n.r.e.); *Elkins v. Foster*, 101 S.W.2d 294 (Tex.Civ.App.— Amarillo 1937, writ dism'd).

*Campbell v. Paschall, supra,* a Commission of Appeals case adopted by the Texas Supreme Court, based its decision on *Silver*

v. *Silver*, 108 Conn. 371, 143 A. 240 (Conn. 1928), *aff'd* 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929). The Texas Guest Statute was based on the Connecticut Guest Statute that was held constitutional in *Silver* by the United States Supreme Court. *Silver v. Silver, supra.* However, the Connecticut legislature repealed its Guest Statute a few years later in 1937. Also, *Perry v. Harrod, supra,* and *Elkins v. Foster, supra,* were constitutional attacks on the Texas Guest Statute before the 1973 amendment.

*Tisko v. Harrison, supra,* is the only Texas case that states specific grounds for constitutional analysis on equal protection grounds and was decided after the 1973 amendment. The points of error raised in *Tisko* asserted that the following statutory classifications were so irrational as to deny equal protection:

(1) a distinction between gratuitous guests and paying passengers;

(2) a distinction between guests in automobiles and other social guests;

(3) different subclasses of automobile guests; and

(4) an over-inclusive classification scheme to prevent collusive guests.

The Texas Supreme Court had these points before it on application for writ of error and declined to grant such writ, finding no reversible error.[1]

■ The Court in *Tisko v. Harrison* at 569 stated:

> Any conclusion of this court that the distinction between guests and paying passengers bears no rational relation to prevention of fraud on insurers would involve an appraisal of human motivations and reactions which judges are no better qualified to make than legislators. We cannot say that the legislature's determination of those matters has no rational basis.

The legislature is the proper governmental body for repealing a statute. Courts may not choose to redraft legislation just because another version may be more equitable. *Armstrong v. Harris County,* 669 S.W.2d 323, 328 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). As appellant stated at oral argument, it would be difficult, if not impossible, to draft a more equitable guest statute.

■ We are authorized to hold a statute unconstitutional if the Texas Supreme Court has not ruled on it previously. A statute can be examined by the rational basis test when no fundamental right or suspect classification is involved. *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Although we question whether the prevention of fraud on insurers bears a rational relation to the distinction between guests of the second degree of affinity and consanguinity and those beyond that degree of relationship, we are persuaded that the prior decision in *Tisko v. Harrison* should be followed in the instant case.

■ The appellant also argues that the wrong method of computing the degree of affinity previously was used, and thus the appellant was improperly barred from recovery. The appellant and the appellee are related by affinity as interpreted by this court. *Pomerantz v. Rosenberg,* 593 S.W.2d 815 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

The Texas Guest Statute precludes recovery for any injured person who is related within the second degree of consanguinity or affinity to the owner or operator of the motor vehicle for damages arising out of ordinary negligence. It is the appellant's position that if the correct method of determining affinity had been used, the appellant would have been beyond the second degree of affinity and thus, not precluded from recovery under the Texas Guest Statute.

The two methods of computing degrees of consanguinity and affinity are the "civil law" method and the "common law" meth-

1. Tex.R.Civ.P. 483 states that a writ of no reversible error means that the Supreme Court is not satisfied that the opinion of the Court of Appeals in all respects has correctly declared the law, but is of the opinion that the application presents no error which requires reversal.

od, somewhat misleading in their nomenclature. If the "civil law" method were used, the appellant would be related within the third degree of the appellee, and not precluded from recovery. If the "common law" (actually derived from canon law) method were used, the appellant would be related to the appellee within the second degree, and thus precluded from recovery by the Texas Guest Statute.

In *Warner v. Rice,* 541 S.W.2d 896 (Tex. Civ.App.—Eastland 1976, no writ), the court discussed the two methods of computation, and, citing 23 Am.Jur.2d Descent and Distribution, sec. 55, noted that:

> The civil-law method of computing degrees of kinship has been adopted in most jurisdictions by statute or by court decision. Under this method the degree of kinship is determined by counting upward from the intestate to the nearest common ancestor, then downward to the claimant, each generation representing one degree. Computing by the rule of the civil law, parents and children of a deceased are related to him in the first degree; and grandparents, grandchildren, brothers, and sisters of the deceased are related to him in the second degree. Uncles, aunts, nephews, nieces, and great-grandparents are related to him in the third degree ....

A few American cases have been decided under the common-law, or canon law, method of computing degrees of kinship. Under this method the degree of kinship is determined by the number of generations from the nearest common ancestor to the intestate or to the claimant, taking the longer of the two lines where they are unequal. The difference in the method of the common and civil law in the computation of degrees exists only in relation to collateral consanguinity.

■ *Warner v. Rice, supra,* involved a niece who sued her aunt for injuries received as a result of an auto accident, during which the aunt was driving. While this case involved consanguinity as opposed to affinity, it is still applicable, as the methods of computation are the same for both. The trial court granted the aunt's motion for summary judgment and the niece appealed. The court stated that Texas has followed the "common law" method of computing degrees of kinship, and after computing the degree in the case to be within the second degree of consanguinity, held that the niece's cause of action was barred by the Guest Statute.

Another computation case is *Figueroa v. Santos,* 606 S.W.2d 350, 351 (Tex.Civ.App. —Corpus Christi 1980, writ ref'd n.r.e.), where two first cousins were considered related within the second degree of consanguinity under the "common law" method. The two cousins were involved in a car accident, with the parents of Figueroa bringing a wrongful death action against the driver of the car. The guest statute was not applied in the case because the parents gave their son up for adoption prior to the suit.

Commentators have written on the subject of which method of computation to use, and the appellant's counsel admits that "[t]his line of judicial [and juror] disqualification cases provides considerable authority for the proposition that the common law method [of computation] is the Texas law, with only the insurable interest civil law computations detracting therefrom." Nations, *Statutory Damages Recovery: The Guest Statute,* 18 S.Tex.L.J. 305, 314 (1977).

The Texas courts have long used the "common law" method of computation on the issues of juror and judicial disqualification. *See, e.g., Hidalgo & Cameron Counties Water Control and Improvement District No. 9 v. Starley,* 373 S.W.2d 731 (Tex.1964); *Indemnity Insurance Co. of North America v. McGee,* 163 Tex. 412, 356 S.W.2d 666 (1962); *Fry v. Tucker,* 146 Tex. 18, 202 S.W.2d 218 (Tex.1947). *Fry v. Tucker, supra,* a judicial disqualification case, was relied on in *Warner v. Rice, supra,* the case using the common law method of computation in applying the guest statute.

■ It appears that only two Texas cases have used the civil law method of

computation, both involving the determination of an insurable interest in the life of a decedent, and not the guest statute. *See, e.g., Wilton v. New York Life Insurance Co.,* 34 Tex.Civ.App. 156, 78 S.W. 403 (Tex. Civ.App.—1904, no writ); and *Reed v. Smith,* 120 S.W.2d 302 (Tex.Civ.App.—Eastland 1938, no writ). We conclude that ... "[t]he weight of authority clearly preponderates in favor of the common law method of degree computation in Texas". Nations, "Texas Guest Statute Revisisted," 19 *Houston Lawyer* 42, 45 (May 1982).

Both points of error are overruled. The summary judgment granted by the trial court is affirmed.