

# THE ATTORNEY GENERAL
## OF TEXAS

December 8, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable David T. Garcia
Brooks County Attorney
P. O. Box 557
Falfurrias, Texas    78355

Opinion No. JM-581

Re: Constitutionality of article
5996a, V.T.C.S., the nepotism
statute

Dear Mr. Garcia:

You ask several questions about the nepotism statute, article 5996a, V.T.C.S., which provides:

> No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of one (1) year prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the

> officer or member related to such employee in the
> prohibited degree. When a person is allowed to
> continue in an office, position, clerkship, employ-
> ment, or duty because of the operation of the
> exceptions contained in the two foregoing pro-
> visions then the Judge, Legislator, officer, or
> member of the governing body who is related to such
> person in the prohibited degree shall not partici-
> pate in the deliberation or voting upon the
> appointment, reappointment, employment, confirma-
> tion, reemployment, change in status, compensation,
> or dismissal of such person, if such action applies
> only to such person and is not taken with respect
> to a bona fide class or category of employees.
> (Emphasis added).

You first ask whether article 5996a is unconstitutionally vague because it fails to specify whether the common law method or the civil law method is to be used in determining degrees of kinship.

In Bean v. State, 691 S.W.2d 773, 776 (Tex. App. - Eastland 1985, writ ref'd), the court held that the provisions of article 5996a were clear and unambiguous and were not unconstitutionally vague. The court in Bean did not address the failure of article 5996a to specify the appropriate method for determining degrees. After studying that specific issue, however, we find no reason to question the holding in Bean.

Some American jurisdictions use the civil law method of determin-ing degrees of kinship, while others use the common law method.

> Under [the civil law] method the degree of kinship
> is determined by counting upward from the intestate
> to the nearest common ancestor, then downward to
> the claimant, each generation representing one
> degree. Computing by the rule of the civil law,
> parents and children of a deceased are related to
> him in the first degree; and grandparents, grand-
> children, brothers, and sisters of the deceased are
> related to him in the second degree. Uncles, aunts,
> nephews, nieces, and great-grandparents of the
> deceased are related to him in the third degree.
> The fourth degree of relationship includes first
> cousins, great-uncles and great-aunts, and great-
> great-grandparents. The great-great uncles and
> great-great aunts, the children of a cousin, and
> the children of a great-uncle or great-aunt are
> related in the fifth degree, while the relationship

> of children of second cousins is in the sixth
> degree.
>
>         . . . .
>
> Under [the common law or canon law] method the
> degree of kinship is determined by counting the
> number of generations from the nearest common
> ancestor down to the intestate or to the claimant,
> taking the longer of the two lines where they are
> unequal.

23 Am. Jur. 2d Descent and Distribution, §55.

In 1878 a Texas Court held that the common law method was the proper method for computing degrees of kinship under Texas law. Tyler Tap R., R. Co. & Douglas v. Overton, 1 White & W. 267 (Tex. Ct. App. 1878).[1] Since then this office has consistently applied the common law method in answering questions about the nepotism statute. Attorney General Opinions O-791 (1939); O-2523 (1940); O-3016, O-3996 (1941); O-4670, O-4987 (1942); O-5452 (1943); O-6307, O-6337 (1945); V-785 (1949); LA-67 (1973); JM-253 (1984). See also Jackson v. Maypearl Independent School District, 392 S.W.2d 892 (Tex. Civ. App. - Waco 1965, no writ).

Furthermore, it is well-established that the common law method is the proper method for computing degrees of kinship under other Texas statutes. See Warner v. Rice, 541 S.W.2d 896, 898 (Tex. Civ. App. - Eastland 1976, no writ) (guest statute); Whitworth v. Bynum, 679 S.W.2d 608 (Tex. App. - Houston [1st Dist.] 1984, no writ) (computing affinity relationships under guest statute); see also Fry v. Tucker, 202 S.W.2d 218 (Tex. 1947) (disqualification of judges); Smith v. Bates, 27 S.W. 1044 (Tex. Civ. App. 1894, no writ) (disqualification of jurors).

A statute must be read with reference to other laws. McBride v. Clayton, 166 S.W.2d 125, 128 (Tex. 1942) (meaning of statute is to be

------

1. Tyler relied on the rule that the common law of England is the law of Texas except where it has been changed by constitution or statute. The issue may not have been as clear-cut as Tyler suggests because the so-called "common law" rule of computing degrees of kinship is actually the ecclesiastical or canon-law rule, and it is not clear that this method became part of the common law of England. See 26A C.J.S. Descent and Distribution §22, at 562; D. Robertson, On Succession (1836). Nonetheless, Tyler established the "common law" rule as the Texas rule.

determined with reference to common law, other statutes, and court decisions). We know of no case holding that a statute is unconstitutionally vague because one must turn to other laws in order to know the precise meaning of the statute in question. See generally Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498-99 (1982) and Brockert v. Skornicka, 711 F.2d 1376, 1381 (7th Cir. 1983) (it is relevant to vagueness inquiry that persons affected have ability to seek clarification of law in order to plan behavior). Therefore, we find no reason to question the holding in Bean that article 5996a is clear and unambiguous and not unconstitutionally vague.

Your second question is whether it is a violation of the nepotism statute for a first cousin of the mother of the county judge to be hired as a county library employee. A first cousin of the mother of the county judge is related to the county judge in the third degree of consanguinity, so the relationship is in a degree prohibited by the nepotism statute. Therefore article 5996a prohibits the employment in question if the commissioners court -- of which the county judge is a member -- appoints, votes for, or confirms the appointment of an employee of the county library.

The commissioners court appoints the county librarian. V.T.C.S. art. 1683. The county librarian has authority to appoint and dismiss library employees with the approval of the commissioners court. V.T.C.S. art. 1685. In LA-156 (1978) this office considered whether the nepotism law prohibited a junior college district from hiring relatives of the college president. That opinion stated:

> The Board of Trustees of a junior college is authorized to hire faculty and other employees upon the president's recommendation. Art. 130.082(d), Educ. Code. Thus the president and the board exercise joint control over the selection of employees and faculty. We believe this control is sufficient to make the nepotism statute applicable to the employment of persons related to the president. See Letter Advisory No. 152 (1978) (chief of police had influence over retaining probationary employee); Letter Advisory No. 148 (1977) (university may not employ niece of regent).

Similarly, the joint control exercised by the county librarian and the commissioners court is sufficient to make the nepotism statute applicable to the employment by a county library of persons related to the county judge or another member of the commissioners court.

You tell us, however, that the commissioners court has authorized the county librarian to employ personnel without the approval of the

commissioners court. The fact that the court does not use its statutory authority to exercise control over the appointment of county library employees does not abrogate or limit the authority. <u>Pena v. Rio Grande City Consolidated Independent School District</u>, 616 S.W.2d 658 (Tex. Civ. App. - Eastland 1981, no writ). Thus, the employment by the county library of a first cousin of the county judge is prohibited by article 5996a. LA-148 (1977).

## S U M M A R Y

The nepotism statute, article 5996a, V.T.C.S., is not unconstitutionally vague. The nepotism statute prohibits the county library from employing someone related to a county judge within a prohibited degree of consanguinity.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General